(5 Misc. Rep. 8.)

## BAUMGRAS v. BAUMGRAS et al.

(Supreme Court, Special Term, Onondaga County. August 28, 1893.)

WILLS—CONSTRUCTION—NATURE OF ESTATE.

Testator, an unprofessional man, by holographic will, devised all his real property, worth about $35,000, to his wife, "to be by her owned and enjoyed the same as if I had never owned it, during her lifetime, and after her death whatever may be left is to be divided among my eight children in eight equal parts." *Held*, that the wife took a life estate, with absolute power of disposition, except by will, and that at her death the property, if any remains, will pass to testator's children.

At Chambers. Action by Lucius Baumgras against Ophelia P. Baumgras and others for the partition of certain real estate. Complaint dismissed.

C. H. Lewis, for plaintiff.
C. H. Baldwin, for defendants.

WRIGHT, J. The plaintiff claims to own an undivided eighth part of the premises, as an heir of William Baumgras, deceased, and the defendant Ophelia Baumgras claims absolute ownership thereof by virtue of the last will and testament of said William Baumgras, which provides as follows:

"I give and bequeath to my wife, Ophelia Baumgras, all my real and personal property, to be by her owned and enjoyed the same as if I had never owned it, during her lifetime, and after her death whatever may be left is to be divided among my eight children in eight equal parts."

The questions to be determined are: Is the estate which the will vests in the defendant Ophelia Baumgras a life estate only? Or is it an estate for life, with a beneficial power of disposition, which may be exercised during her life? Or is it a fee absolute?

The fundamental rule for the construction of wills is that effect must be given to the intent of the testator. That intention, when ascertained, is the absolute controlling power. Crozier v. Bray, 120 N. Y. 379, 24 N. E. Rep. 712. Chief Justice Marshall, in Smith v. Bell, 6 Pet. 68, states the rule in the following forcible language:

"The first and great rule in the exposition of wills, to which all other rules must bend, is that the intention of the testator, expressed in his will, shall prevail, provided it be consistent with the rules of law."

That intent is to be obtained from the language of the will, when read in the light of all the circumstances which surrounded the testator at the time of its execution. To ascertain that intention every word, phrase, clause, and sentence must be given its

due force and effect; and as Judge Vann remarks in Crozier v. Bray, supra, "that intention is the absolute criterion of construction."

The testator, an unprofessional man, drew the will. The disposing part of it is contained in one sentence, and is remarkably terse. The testator evidently weighed every word, and intended it to have force. At the time of making the will he was seised of real estate situated in Syracuse worth about $35,000, part of which was subject to a mortgage of $4,500. He had no indebtedness besides said mortgage, and had no personal property. He had eight children, two of whom were minors, and three of whom were living at home, and dependent upon him for their support, maintenance, and education. The first clause of the will conveys to Ophelia Baumgras, not only the enjoyment, but the ownership, of the real estate, which includes the power of sale and conveyance by deed, mortgage, or otherwise. During what length of time is that right of enjoyment and ownership to continue? The following clause answers that question,—"during her lifetime." This clause limits the prior clause. Her power over the property is absolute, during her life, and no longer. She can dispose of it by an act taking effect during her life, but not by will, which takes effect only at death. This is in harmony with the next following clause, wherein the testator contemplates a remainder, for he does not entirely release his controlling hand over his estate after his devise to his wife. What kind of a remainder does he contemplate,—a remainder consisting at all events, and absolutely, of the entire corpus of the estate? The next following clause answers that question, "and after her death whatever may be left is to be divided," etc. What effect is to be given to the words, "whatever may be left?" He had in mind the possibility that under his wife's right and power of ownership and enjoyment the corpus of the estate might be diminished, and even entirely disposed of, used, and consumed in that enjoyment, for the manner of such enjoyment, and the amount taken therefor, are to be determined solely by her own desires and volition. Unless this be true, these words, "whatever may be left," have no force, for if she had no power of disposition the entire corpus of the estate would be left at her decease absolutely intact; but it is more reasonable to believe that, to the plain mind of this business man, these words were not valueless, but were fraught with deep meaning. It is clear that it was not the intention of the testator to confer upon his wife the fee in the land, giving her the power to dispose of it by will to any object of her bounty, and thus, possibly, cut off the children, or some of them, from their share of a possible or probable remainder. The power which she possesses must be exercised during her life. The testator emphasizes the right of ownership and enjoyment of the property given to his wife by stating that it shall be owned and enjoyed by her "the same as if I had never owned it," yet the limitation over restrains their effect, and prevents the fee from vesting in her. In this con-

struction of the will, no violence is done to any word, phrase, or clause, but due force and effect is given to each of them. But upon the postulate that the widow takes only a life estate, it is necessary to strike out of consideration, as meaningless, the clause respecting her ownership, "the same as if I had never owned it," and the clause, "whatever may be left;" and, upon the postulate that she takes the fee, it is necessary to strike out of consideration, as meaningless, the clause, "during her lifetime, and after her death whatever may be left is to be divided among my eight children in eight equal parts," etc. Either proposition requires a mutilation of the will, in substance as well as form. Therefore, I hold that the widow owns a life estate in the property, and in addition thereto she owns any part or all of the principal, which during her life she may use up and consume in the enjoyment thereof, with the power to sell and convey the principal or any part thereof in fee, and that the property, if any, remaining at her death, will pass to the eight children in equal shares.

This view is sustained by the latest authorities. In Leggett v. Firth, 132 N. Y. 7, 29 N. E. Rep. 950, the will contained this clause:

"I also give, devise, and bequeath to my wife, Ellesheba, all the rest and residue of my real estate; but on her decease the remainder thereof, if any, I give and devise to my said children, or their heirs, respectively, to be divided in equal shares between them."

It was held that the widow took a life estate, with power of sale, to be exercised during her life for her own benefit, and that the children took a remainder in fee, subject to the exercise of that power. Judge Vann, in his opinion, says:

" 'The remainder, if any,' means the same as 'if there shall be any remainder,' and the gift over is what may be left. * * *" And "as it would all be left; unless there was a right to dispose of it, it follows, by necessary implication, that he intended his wife should have that power."

Thus, in constituting a gift over, the words, "the remainder, if any," and the words, "if there shall be any remainder," are precisely equivalent in meaning to the words of this case, "whatever may be left," when used in contexts which have the same meaning.

In Thomas v. Wolford, (Sup.) 1 N. Y. Supp. 610, the following clause was under consideration:

"I give and bequeath to my wife, Eliza J. Thomas, all of my real and personal estate that I may die possessed of, during her lifetime, and at my wife's death the property, should there be any left, to be divided among the children or their heirs."

It was held "that the widow took an estate for life, with a power of disposition during life, with a remainder over of what was left of the estate upon her death to the children." Judge Van Brunt, in his opinion, says:

"Here is expressed a clear intention that the widow shall have the power of disposing of the corpus of the estate, with a view to her personal use and maintenance. She has, therefore, during life, the power of disposition of the estate,—the power to consume or dispose of it, as might become expe-

dient or necessary to secure for her its beneficial enjoyment; and, upon her death, such estate as had not been consumed by her is devised to the children."

In Reinders v. Koppelmann, 68 Mo. 482, the testator gave to his wife his property during her life, and made a limitation over of "the property left" on her decease. It was held that the power of disposition was to be implied, but could be exercised by her only during life, and, as a consequence, that she did not take the absolute property.

In Flanagan v. Flanagan, 8 Abb. N. C. 413, the testator gave to his wife the use of a remainder during her life, and the portion left of said remainder to be distributed to the poor of St. Peter's Church. It was held that the wife took an "unqualified, unlimited, absolute power of disposition of the fund, save that the power must be exercised during life, and not at death," and that "the remainder over was contingent upon the omission of the donee to dispose of the fund during life, and only to extend to 'the portion left' undisposed of by her at her decease." Judge Bockes, in his opinion, says:

"It was plainly intended * * * that the widow should have the power to dispose of the fund at will during her life; * * * that she might diminish it, even to a possible exhaustion of it. * * * Nor was there any limitation whatever upon the power of disposition by the legatee for life, save that it was one which must be exercised other than by a last will and testament."

To the same effect are Burleigh v. Clough, 52 N. H. 267, where the testator gave to his wife all his estate "to her use and disposal during her natural life," with gift over of "what is remaining at her decease," and Thomas v. Pardee, 12 Hun, 151, where the testator gave his wife all his estate, "to be possessed and used by her at her discretion, and for her support and comfort, during her natural life, having confidence in her that it will be used and retained, and the amount, the increase, and residue left sacred to the purposes to which we mutually agree to devote it, * * * and all my estate * * * in the possession and held by her, up to and at the time of her decease, * * * I give and bequeath," etc. Then follows a gift over. Also, Crozier v. Bray, supra, and Terry v. Wiggins, 47 N. Y. 512. Though this devise and power do not enlarge the estate unto a fee, yet, under the power, she can convey the fee to a purchaser. 1 Rev. St. p. 732, § 81.

The theory laid down in the prevailing opinion of Van Horne v. Campbell, 100 N. Y. 287, 3 N. E. Rep. 316, 771, holding that, where an absolute power of disposition (express or implied) is annexed to a primary devise in fee, it is deemed conclusive of the existence in the devisee of an absolute estate in fee, and renders void a limitation over, which depends upon the nonexecution of that power by the first taker, is no longer followed, it apparently having been made without an examination of 1 Rev. St. p. 725, §§ 32, 33, which provide as follows:

"Sec. 32. No expectant estate can be defeated or barred by any alteration or other act of the owner of the intermediate or precedent estate, nor by any destruction of such precedent estate by disseizin, forfeiture, surrender, merger

or otherwise. Sec. 33. The last preceding section shall not be construed to prevent an expectant estate from being defeated in any manner or by any act or means which the party creating such estate shall, in the creation thereof, have provided for, or authorized, nor shall an expectant estate thus liable to be defeated, be on that ground adjudged void in its creation."

The dissenting opinion of Judge Ruger in that case is now followed. See Leggett v. Firth, 132 N. Y. 7, 29 N. E. Rep. 950; also, the general term opinion in that case, (6 N. Y. Supp. 158.) Rose v. Hatch, 125 N. Y. 427, 26 N. E. Rep. 467; Rice v. Tyler, (Sup.) 23 N. Y. Supp. 429.

The case of Campbell v. Beaumont, 91 N. Y. 464, is clearly distinguishable from the one at bar. In that case the first sentence gave all the testator's property to his wife absolutely, without qualification. Then followed, in another, independent sentence, a gift over. It was held that the two provisions were squarely inconsistent with each other, and that the limitation was consequently void. But in this case the devise is expressly "during her life," and the limitation over is contained in the same sentence with the primary gift. The plaintiff's interest in the property being, therefore, only a contingent remainder, and not a vested one, he cannot maintain this action. Code Civil Proc. §§ 1532, 1533. The complaint must therefore be dismissed, with costs.