MURRAY, Administrator, and others, Appellants, vs. KLUCK, Executor, and others, Respondents.

*April 11 — May 1, 1894.*

*Wills: Construction: Life estate in personalty: Ownership of note: Estoppel: Evidence.*

1. A testator gave to his wife a part of his land in fee, and a life estate in the remainder and also in all his personal estate. Of his estate that might remain after her death he gave $1,500 to two of his sons, and the residue to others. The personal estate amounted to $3.000 only. *Held*, that the wife could use the *corpus* of the personal estate only so far as reasonably necessary for her support, and that large gifts therefrom by her were infringements upon the rights of the remainder-men.

2. A testator, at his death, held a note secured by mortgage. His widow, who was executrix, claimed that it had been given by him to her, and refused to include it in the inventory. Some of the residuary legatees, who had claimed that the note should be inventoried, failed to make objection to the inventory. *Held*, that they were not thereby estopped to claim that the note was a part of the estate, as against the sureties on the bond of the executrix, no act or omission on the part of such sureties having been induced by such failure to object.

3. After the death of the executrix, evidence that she had said that her husband gave the note to her was inadmissible to show that it was not part of his estate.

APPEAL from the Circuit Court for *Grant* County.

This is a proceeding under secs. 3933, 3934, R. S., to settle the accounts of a deceased executor. Mathias Kluck

died testate, March 23, 1885, possessed of real and personal estate. By his will he devised and bequeathed: (1) A part of his real estate to his wife, Anna Kluck, in fee; (2) the remainder of his real estate to his wife "so long as she shall live;" (3) all his personal estate to his wife, "to have and to hold the same to her sole use, benefit, and behoof, with all the increase and increment thereof, so long as she shall live;" (4) "of my estate that may remain after the death of my said wife, Anna Kluck, I give, devise, and bequeath to my son *Frank Kluck* the sum of $500, to my son John Kluck the sum of $1,000; and all the rest, residue, and remainder of my estate that shall then remain I give, devise, and bequeath to my now remaining sons, *August, Paul,* and *Louis,* to be divided equally between them;" (5) "I nominate and appoint Anna Kluck executrix of this will." This will was duly probated. Anna Kluck gave bond, and was appointed executrix. The respondents *Edward Carey, Joseph J. Vosberg, Joseph Welter,* and *Peter Cleary* were sureties on her bond.

On the 16th day of December, 1884, Mathias Kluck loaned $1,500 of his own money to one Johnson, and took a note and mortgage as security for its payment. The note and mortgage ran to Mathias Kluck, and were kept in a bureau in the house, and were there at the time of his death. There is no evidence to show any transfer of the note or mortgage by Mathias during his lifetime. In August, 1885, the executrix made and filed her inventory and appraisal of the estate. In this there were listed three parcels of real estate, appraised at $6,120, and personal property, consisting of farm implements, live stock, and grain, appraised at $1,353. The note and mortgage were not mentioned in the inventory, and the evidence tended to show that Anna then claimed that they were her own property. On January 7, 1888, Johnson paid the $1,500 mortgage and interest to Anna Kluck, and she executed a written release thereof, as

assignee of Mathias Kluck. No assignment of the mortgage appears in the evidence, nor is any testified to by any witness.

The eldest son, *Frank*, married and left home in 1875, and lived thereafter on a farm in the vicinity. *Paul, Louis,* and *August* remained at the homestead, and after Mathias' death their mother lived with them. A few days after Johnson paid the $1,500 mortgage to Anna, *Frank* purchased a piece of land, and borrowed $1,600 of his mother, $1,500 thereof being the amount received by her as the principal of the Johnson mortgage. He gave a mortgage on the land to secure its repayment. Anna continued to live at the old homestead. On July 3, 1890, she became sick, and sent for *Frank*, and for Henry R. Smith, a notary public, and for Father Nutman, her spiritual adviser. She then voluntarily made and signed an agreement (signed also by *Frank*), by which she in terms "conveyed" to *Frank* a release in full of the $1,500 mortgage in consideration that *Frank* agreed to pay her, on or before December 1st each year during her life, the sum of $100. On the same day she made her will, appointing *Frank* her executor. She died August 8, 1890, and *Frank* probated the will and qualified as executor. The agreement to discharge the mortgage was never disclosed to the other heirs, and it was not known by them until it was disclosed in the course of these proceedings.

Anna made no report or account of her doings as executrix of the estate of Mathias, and after her death the appellant *Murray* was appointed administrator with the will annexed of the estate of Mathias. In December, 1891, *Murray,* as administrator, with *Paul, Louis,* and *August Kluck,* petitioned the county court of Grant county for a settlement of the accounts of Anna Kluck, as executrix, and upon notice to *Frank Kluck,* as executor of Anna's estate, and to the sureties *Carey, Vosberg, Welter,* and *Cleary,*

a hearing was had in the county court, and evidence heard on both sides. Upon that hearing a final order was made, settling the accounts of the executrix, whereby she was charged with the amount of the personal property named in the inventory ($1,353), also with the principal of the Johnson mortgage ($1,500), making a total of $2,853, and was credited with her commissions and expenses as executrix, amounting to $114.32, leaving a balance due the estate of $2,738.68.

From this judgment *Frank Kluck* and the said sureties on the bond of Anna appealed to the circuit court, where, after trial, the court made findings and entered judgment reversing the order of the county court, and remanded the case to the county court, and directed it to render judgment that the moneys received on the Johnson mortgage were the property of Anna Kluck and not of the estate of Mathias; also, "that of the personal property which belonged to said Mathias Kluck, deceased, and came into her possession at his decease, either as executrix or as tenant thereof for life under his will, there remained to be accounted for by her at her decease, or by her estate, only personal property from the public sale of which by *Frank Kluck* as executor, in the discharge of his duties as such, there was realized, after deducting the reasonable and necessary expenses of such sale, the sum of $662.05, of which sum said *Frank Kluck* has received, as cash, the sum of $404, and the remaining $258.05 is represented by the promissory note of *August Kluck*, one of the petitioners in this proceeding, and one of the residuary legatees in the will of Mathias Kluck, deceased, given by him, December 30, 1890, to said *Frank Kluck* as executor, as above stated, for personal property belonging to the estate of Mathias Kluck, deceased, bought by him from said executor at such sale thereof, and now remaining unpaid in the hands of *Frank Kluck*, as such executor. That said sum of $404

in money and said promissory note constitute the entire amount for which the said Anna Kluck or her estate is liable to account to the estate of Mathias Kluck. That said *Frank Kluck*, as executor, turn over and deliver to *Joseph Murray*, as administrator, the said promissory note, and account for and pay over to him the said sum of money, subject, however, to any commissions or compensation which said county court may find said Anna Kluck or her estate was or is entitled to from the estate of Mathias Kluck, for her services as executrix thereof, and subject also to any unpaid legacy bequeathed to said *Frank Kluck* by the will of said Mathias Kluck. This court hereby declaring that it has not heard any evidence respecting, or considered in any way, the questions whether said Anna Kluck or her estate ought to be allowed any such commissions or compensation, or whether said *Frank Kluck* ought to receive any legacy, or to retain the same out of the property of said Mathias Kluck now in his hands as above stated."

From this judgment the petitioners appealed.

*T. L. Cleary*, for the appellants.

For the respondents there was a brief by *Murphy & Gardner*, and oral argument by *D. J. Gardner*. To the point that the words "of my estate that may remain" showed clearly that it was the testator's intention that his wife should have such use of his personal property as was necessary, and that she was to be the judge of the necessity, they cited *Paine v. Barnes*, 100 Mass. 470; *Henderson v. Blackburn*, 104 Ill. 227; *Clark v. Middlesworth*, 82 Ind. 240, 246; *Brandow v. Brandow*, 66 N. Y. 401.

WINSLOW, J. The evidence clearly does not sustain the finding of the circuit court to the effect that the $1,500 received by Anna Kluck as payment of the Johnson mortgage was her own property. It was undisputed that the

money loaned to Johnson was Mathias Kluck's money, and that the note and mortgage, when taken, belonged to him. No sale, transfer, or gift of the same was proven by any competent evidence. There was evidence received, against objection, to the effect that Anna had said that her husband gave the money to her. Her own testimony to that effect would not have been admissible; much less, hearsay evidence of her unsworn statements. It was urged that there was some evidence to show an estoppel as against the residuary legatees. There was evidence tending to show that some of the residuary legatees were present when the inventory and appraisal of the estate of Mathias were made, and that they claimed that the Johnson mortgage should be inventoried as part of the estate, but that Anna refused to put it into the inventory and did not do so. It is said that they should have made objection to the inventory immediately, and that, failing to do so, they are now estopped as against the sureties on Anna's bond from claiming this money to be a part of the estate. We perceive no elements of estoppel. The sureties had already signed the bond; they did not sign it on the faith of the inventory and appraisal, and no act or omission to act on their part is shown to have been induced by the acts of the residuary legatees.

It is finally urged, as to this $1,500, that by the provisions of the will Anna had the right to dispose of it in any manner she chose during her lifetime, and that, having done so, her account cannot be charged with it, even though it was a part of the estate of Mathias. We cannot agree with this contention. All the provisions of the will must be construed together to ascertain the intention of the testator. Bearing this principle in mind, we think it clear from the whole will that Anna was not given an unlimited power of disposition of the personal property during her life. The personal estate amounted to $3,000 only. The testator, after giving a life estate therein to his wife, gave $1,500 in

specific bequests out of what remained after her death, and added a residuary clause. From these bequests it very clearly appears that he contemplated a considerable residuum would be left after his wife's life estate ceased. This seems entirely repugnant to the idea that his wife, by large gifts during her lifetime, could reduce the residuum to a mere nominal sum or wipe it out altogether. The release of *Frank's* mortgage was to all intents and purposes a pure gift. It was made during her last illness, on the same day when she made her will, when she was evidently expecting death. Nothing was received in consideration of it, and it was kept secret from all the other persons interested in the estate, and it does not appear to have been necessary for her support.

We construe the will as meaning that Anna could use the *corpus* of the personal estate so far as reasonably necessary for her support, but no further; she could not give it away as she attempted to do here without infringing on the rights of the remainder-men. The remainder was limited by the right of the life tenant to use the *corpus* for her support, but no further. *Paine v. Barnes*, 100 Mass. 470.

Upon this principle the executrix's account should be settled. She should be charged with the personal property inventoried and with the $1,500 mortgage, she should be credited with the expenses and proper fees of her administration and with such amounts as were reasonably expended out of the *corpus* of the estate in her support and maintenance during her life, and the balance struck. This is simply a proceeding to settle and state the account of Anna Kluck as executrix as it properly stood at the time of her death, in order that the balance, if any, may come to the hands of the administrator with the will annexed, in order that he may finish the administration of the estate according to the provisions of the will. We have now no concern with

the question of the unpaid legacy to *Frank*.    These views necessitate a reversal of the judgment of the circuit court.

*By the Court.*— Judgment reversed, and cause remanded to the circuit court for further proceedings according to law. ·