WILL OF DOERFLER: FOELSKE and others, Appellants, vs. DOERFLER, Executrix, Respondent.

*April 28—September 14, 1937.*

420

*Henry E. Foelske* of Milwaukee, for the appellants.

For the respondent there were briefs by *Poss, Toelle & Schuler* of Milwaukee, and oral argument by *Benjamin Poss* and *H. W. Schuler*.

The following opinion was filed May 25, 1937 :

FAIRCHILD, J.   The appellants claim that the words "for her use and enjoyment during her life," used by the testator, show an intention on his part to give to his wife the income from his estate; that those words, when construed in conjunction with the other provisions of the will, limit the widow's taking "to so much of the income as she may be able to consume during her lifetime;" that a trust was duly created.   Their reading of the will overlooks the inclusive language employed by the testator in the beginning of the statement of his bequest to his wife, the dissimilarity between the language employed as to the widow's interest and that employed as to the life estate given to the nephews and nieces,

and the studiously followed purpose of reposing utmost confidence in her as to the use and control of the property during her life. No limitations upon her enjoyment of it are invoked by him, except that when her time of use of it has ended, he does say "the balance" is to be disposed of as outlined in his will. He suggests that as executrix and as trustee, she shall serve without bond and that as trustee she need file no account. The words used in that connection, which appellants seem to think were used in a spirit of gallantry, are too significant to be passed over so lightly. They are evidence of the confidence in his wife upon which he relied in mapping out his plan for the devolution of his property. The trust, to be in effect during the life of the widow, set up as found by the trial court, was not as a limitation upon her rights to consume the principal as required for her support, but only as a device for giving enjoyment of the balance of the estate remaining at the death of the widow successively to other beneficiaries and then to the hospital. Appellants' proposed construction of those terms does not recognize the association they have with an apparent purpose. Taking this in connection with what may be styled the key phrases and all else within the four corners of the will into consideration, we cannot say the court below erred in giving the will the construction it did.

The word "balance" as used in the beginning of the third paragraph, the word "remainder" in the beginning of clause "(d)" of the third paragraph, and the word "remainder" at the end of clause "(d)" of the third paragraph, each were used with a definite meaning in the testator's mind. The meanings to be conveyed by the use of each of the last two are uncontested. The first time the word "remainder" is used, it means "what is left" after payment of certain pecuniary legacies out of the "balance." The second time, it has its technical meaning, namely, an estate limited to take effect

and be enjoyed after another estate is determined. This meaning is certain because in clause "(d)" of the third paragraph it is stated that the six beneficiaries shall "receive the income of his or her share for life," in other words, a life estate. If the testator had used the word "remainder" in the place where he used "balance," there would be an ambiguity; the question then arising whether it was used in the sense of "what is left" or in the sense of a future estate in the corpus. The testator did use, however, the word "balance," a word of no technical significance, but meaning in general "what is left," and equivalent in meaning to that meaning of "remainder" intended the first time it is used in clause "(d)."

"A gift to one for life with a gift over of what is left at his death, gives an implied power of sale to the life tenant, if no method of diminishing the amount of property other than by such sale appears from the will." 2 Page, Wills (2d ed.), p. 1938, § 1159.

Appellants' contention that the gift of "use and enjoyment during life," followed by a gift of the "balance," means a gift of the income with a gift over of the principal and any unexpended income cannot be sustained. The contention must rest on the proposition that "use and enjoyment during life" can mean only "income for life." This is not necessarily true. *In re Dorgan's Estate* (D. C.), 237 Fed. 507. There is in this will an example of a gift of a life estate with remainder over. With reference to the interest of the nephews and nieces, it is said: "Each beneficiary to receive the income of his or her share for life; at the death of each . . . the remainder to go to Mt. Sinai Hospital." An entirely different and contrasting framework is employed in the first gift: "To my wife Julia, for her use and enjoyment during her life. . . . After the death of my wife the balance is to be divided as follows." This contrast evidently, and we think properly, influenced the trial court, for it carries quite

clearly a plan to have at the disposal of his wife the estate he had built up during the years they had lived together and which they were enjoying together at the time of his death. It must be obvious that he had in mind the distinction between a use that would limit to income and a use to enjoy and consume if necessary the corpus of his estate. *Murray v. Kluck,* 87 Wis. 566, 59 N. W. 137; *Bunnell v. Beam,* 86 N. J. Eq. 101, 97 Atl. 494; *Baumgras v. Baumgras,* 5 Misc. 8, 24 N. Y. Supp. 767, and cases therein cited.

The construction placed upon the will by the county court is sustained by the language of the will, but it is further supported by the surrounding circumstances. A will is usually a composite of sentimental reactions of the testator and the requirements imposed by practicality upon his provision for the future of those whom he singles out as his beneficiaries. The circumstances prompting the making of a last will and testament therefore must frequently, when the writing itself occasions some uncertainty, be relied on to bring to light the exact relation and attitude of the testator toward devisees as tending to disclose the real plan and purpose for the use and disposition of his property. Testator here left no surviving children. The income from his estate would very likely be insufficient to maintain his wife at the standard of living which testator and she had enjoyed. Testator had, during his life, sacrificed some of the principal to maintain that standard. The succeeding and the ultimate beneficiaries are not the children of the testator, but nephews and nieces and a hospital. The plan, as evidenced by the terms of the will and the circumstances which the court took into consideration, was that his wife should have and enjoy all the property during her life to the extent required to maintain the accustomed standard of living; that his wife should be the sole judge of her requirements; and that whatever of the principal was not required, that amount, being uncertain and contingent upon the longevity of the wife and the economic

fortunes of the estate, should be preserved in the trust, the beneficial interests to pass eventually according to testator's expressed wishes and not according to a voluntary disposition of the wife.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, with $25 costs, on September 14, 1937.