WILL OF DOERFLER: NORDAHL, Executor, Appellant, vs.
MILWAUKEE ART INSTITUTE and others, Respondents.*

*October 17—November 20, 1945.*

---

* Motion for rehearing denied, with $25 costs, on January 8, 1946.

For the appellant there were briefs by *Poss, Toelle & Schuler* of Milwaukee, and oral argument by *H. W. Schuler*.

For the respondents there was a brief by *Rudolph L. Forrer, in pro. per.,* and as trustee, *Raymond T. Zillmer,* attorney for

the Milwaukee Bar Association, and *Kaumheimer, Alt & Likert,* attorneys for the Milwaukee Art Institute, all of Milwaukee, and oral argument by *Mr. Leon E. Kaumheimer, Mr. Zillmer,* and *Mr. Forrer.*

BARLOW, J. Counsel for appellant contend that paragraph "Third" of the codicil provides a fixed annual income of $6,000 per year for the widow during her lifetime, which she could use for whatever purpose she saw fit, and that any unexpended amount became her separate property. To establish this position, reliance is had on paragraph "2nd" of the will and paragraph "Third" of the codicil, which provide as follows:

Paragraph "2nd" of the will:

"2nd: Everything I own or possess (excepting that derived from the estate of my sister Louise), I give, devise and bequeath to my wife Julia, for her use and enjoyment during her life. . . ."

Paragraph "Third" of the codicil:

. "Third: If my wife accepts under the will she shall be authorized to use so much of the principal as to make her gross income per annum six thousand dollars."

The codicil also provides that after the termination of the trusts created in the will, there be paid to the Milwaukee County Bar Association $5,000, the balance of the estate to be paid to the Milwaukee Art Institute, canceling the provision to Mt. Sinai Hospital.

Provisions of a will for the benefit of testator's widow should be construed liberally in her favor (69 C. J. p. 102, and cases there cited), but all provisions of the will must be construed together to ascertain the intention of the testator. *Murray v. Kluck* (1894), 87 Wis. 566, 59 N. W. 137. It was said in *Will of Zweifel* (1927), 194 Wis. 428, 216 N. W. 840, that in construing a will the well-defined rule of law is that the whole will and every part thereof should be considered in

order to determine the real intent of the testator. It naturally follows that the whole codicil and every part thereof must also be considered to arrive at this intent.

Prior to the discovery of the codicil, this court in *Will of Doerfler* (1937), 225 Wis. 418, 273 N. W. 460, construed the will to mean that the widow was entitled to the income from the estate and sufficient of the principal to enable her to maintain herself according to her usual style and custom of living. The amount of principal of the estate that she was authorized to use was a variable, depending on the income of the estate and the cost of her maintenance.

Reading the will and codicil together does not change the original will, so far as the widow is concerned, except to limit the amount of principal she could use for her proper support and maintenance. Testator undoubtedly realized that the income from his estate would vary, and that at times the requirements of the widow could properly require the expenditure of some of the principal of the estate. He apparently considered it advisable to limit this principal expenditure, and concluded that the maximum amount which she would require for proper care and maintenance during any one year was the sum of $6,000.

It is evident from the entire will and codicil that the testator intended to provide for his wife during her lifetime and dispose of any remainder of his estate after her death. This is not consistent with any fixed annual bequest to her. Certainly it cannot be reasonably claimed that she had any authority to convert any part or all of the principal of this trust estate to her separate estate during her lifetime. To approve appellant's contention would bring about such a result. In *Will of Doerfler, supra,* this court said (p. 424) :

"The circumstances prompting the making of a last will and testament therefore must frequently, when the writing itself occasions some uncertainty, be relied on to bring to light the exact relation and attitude of the testator toward

devisees as tending to disclose the real plan and purpose for the use and disposition of his property."

Testator left no surviving children, and his nearest relatives were nieces and nephews. The nearest relatives of the widow were brothers, sisters, nieces, and nephews. The wife had a substantial amount of property of her own which she could dispose of in whatever manner she saw fit. The trial court observed that the widow at no time during the existence of the trust used to exceed $6,000 per year for her maintenance and support.

It is considered that by his will and codicil testator authorized the widow to use so much of the principal of the trust as to make her gross income per annum $6,000, but the widow and her estate were, and are, entitled only to the money which the widow withdrew during her lifetime.

*By the Court.*—Judgment affirmed.