KLUENDER and another vs. FENSKE and another.

*September 28 — October 18, 1881.*

DEED: PRESUMPTION: EVIDENCE: BONA FIDES. *(1) Presumption of fraud or mistake in taking deed. (2) Burden of proof that money furnished to buy land was a loan or gift. (3) Who protected as a bona fide purchaser.*

1. Where A., occupying a confidential relation to B., is entrusted by B. with money to buy land, and, on making such purchase and paying the consideration from the money so furnished, takes the deed to himself, but in the assumed surname of B., it must be *presumed* that he took such conveyance to himself by mistake or inadvertence and without B.'s knowledge and consent, or in fraud or violation of the trust so imposed.

2. One who claims that the money so furnished was in fact a loan, gift or advancement, has the burden of proving it.

3. One claiming title as devisee of A., in such a case, is not entitled to the protection of a *bona fide* purchaser for a valuable consideration, especially where, at the times of the making of the devise and of A.'s death, B. was occupying the premises with his family as a homestead.

APPEAL from the Circuit Court for *Milwaukee* County.

The plaintiff *Louisa* is the widow, and the plaintiff *William* is the son, of Christian Klnender, who died August 15, 1871; and they claim title to certain premises here in question

as widow and heir-at-law of said deceased. The defendant *Louise* is a married woman, and the daughter of the plaintiff *Louisa* by a former husband by the name of Weiss or Weissfuss; and she claims title to the same premises as devisee of her brother, Ernst Weissfuss, who died February 27, 1870, leaving a will, which was admitted to probate May 11, 1870. It appears from the evidence that many years ago Christian Kluender had a farm in Sheboygan county, which he sold to one Jalleff for $1,300, receiving $400 thereof down, in gold, and a mortgage of $900 for the balance, which was foreclosed, and upon the sheriff's sale there was paid to Ernst Weissfuss, as the agent of his step-father, Christian Kluender, $1,050; that Ernst was unmarried, and during the times referred to was living with his step-father; that Christian Kluender was very ignorant, and hence Ernst, who seemed to have some intelligence, and was considerably older than Christian's children, attended to his business for him; that Ernst negotiated the purchase of the premises in question, and paid $775 therefor from the $1,050 belonging to his step-father and received by him on said sheriff's sale, taking the deed thereof to himself, March 16, 1866, but in the name of Ernst Kluender, instead of his true name of Ernst Weiss or Weissfuss; that subsequently Ernst Weissfuss purchased and paid for a building or house with moneys belonging to Christian Kluender, and moved the same onto the premises in question; that thereupon Christian Kluender, with his family, consisting of his wife and his children by her, and his step-daughter, *Louise Weissfuss*, now the defendant *Mrs. Fenske*, and his step-son, Ernst Weissfuss, moved into the house on said premises, and remained there with his family until the time of his death. There was no evidence that Christian Kluender, or either of the plaintiffs, ever knew that Ernst took the deed to himself, or had any reason to suppose that the title was not in Christian Kluender, nor any evidence that he, or either of the plaintiffs, knew, or had reason to suppose, that Ernst had assumed

to devise the same by will, until 1880, when the plaintiffs did learn that the deed of the premises ran to Ernst Kluender, and that Ernst Weissfuss had, in the name of Ernst Kluender, devised the same to his sister, *Louise Weissfuss*, but in the name of Louise Kluender. The family continued to live upon the premises after the death of Ernst and Christian, except that *William* married and left. It also appears that Ernst, in his life-time, was a member of a church, and that his name was on the church roll as Ernst Weiss, and that he was in the habit of answering the monthly roll-calls of that church by that name. The plaintiffs having rested their case, the court, on motion of the defendants, ordered the complaint to be dismissed, on the ground that the plaintiffs had not made out a case. From a judgment thereupon entered in favor of the defendants and against the plaintiffs, dismissing the complaint and for costs, the plaintiffs appealed.[1]

For the appellants there were briefs by *G. Engel*, their attorney, with *Flanders & Bottum*, of counsel, and oral argument by *Mr. Flanders*. They argued, *inter alia*, that it was not necessary to show, by direct evidence, any express agreement between Christian and Ernst that the latter should take the title to the lot in question in his own name, for the benefit of Christian, or as Christian's trustee. In the absence of any evidence on the subject, the court would assume that Christian intended the conveyance to be absolute to himself, or in some way to express a trust to himself. Perry on Trusts (2d ed.), §§ 124, 126–7; Hill on Trustees (3d Am. ed.), § 91; *Lounsbury v. Purdy*, 18 N. Y., 519; *Day v. Roth*, id., 455; *Foote v. Bryant*, 47 id., 549; *Siemon v. Schurck*, 29 id., 615; *Fisher v. Fobes*, 22 Mich., 454, 459; *Hidden v. Jordan*, 21 Cal., 92; *Millard v. Hathaway*, 27 id., 119; *Currey v. Allen*,

---

[1] The city of Milwaukee, which had condemned the land for a public use, was made a defendant merely with a view to restrain payment of the compensation for the land to *Mrs. Fenske.*

34 id., 257; *Case v. Codding*, 38 id., 191; *Perkins v. Nichols*, 11 Allen, 545; *McGowan v. McGowan*, 14 Gray, 119.

For the respondent *Louisa Fenske* there were separate briefs by *Louis B. Schram*, her attorney, and *Winfield & A. A. L. Smith*, of counsel, and oral argument by *Mr. Schram*. They contended, among other things, that *Louise Fenske* was an innocent purchaser of the premises, for a valuable consideration, and therefore took them clear of any trust that may have attached to them in the hands of the person from whom she took title. The property was devised to her subject to the payment of certain legacies, which are presumed to have been paid, and there is no evidence that she knew of the alleged fraud of Ernst. Willard's Eq. Jur. (Potter's ed.), 796; Perry on Trusts, §§ 218, 220; *Hall v. Delaplaine*, 5 Wis., 206; *Lamont v. Stimson*, id., 443. Parol evidence of a trust must be very clear and satisfactory, otherwise a court will not decree it. *Boyd v. McLean*, 1 Johns. Ch., 582, 590; *Baker v. Leathers*, 3 Porter, 558; *Blair v. Bass*, 4 Blackf., 539; *Fansler v. Jones*, 7 Ind., 277; Perry on Trusts, § 137; *Baker v. Vining*, 30 Me., 121; *Enos v. Hunter*, 4 Gilm., 211; *Carey v. Callan*, 6 B. Mon., 44; *Botsford v. Burr*, 2 Johns. Ch., 405; *Hickey v. Young*, 1 J. J. Marsh., 1; *Snelling v. Utterback*, 1 Bibb (Ky.), 609; *Clarke v. Quackenbos*, 27 Ill., 260; *Childs v. Griswold*, 19 Iowa, 362; *Bruwner v. Staup*, 21 Md., 328; *Cutler v. Tuttle*, 19 N. J. Eq., 549; *Parmlee v. Sloan*, 37 Ind., 469; *Phelps v. Seeley*, 22 Gratt., 573; *Shepard v. Pratt*, 32 Iowa, 296; *Malin v. Malin*, 1 Wend., 625; *Freeman v. Kelly*, 1 Höff. Ch., 90; *Nelson v. Worrall*, 20 Iowa, 469. It is necessary to show in all cases a previous agreement for the purchase of real estate, and the advance of money for that purpose by the third party, in order to constitute a trust in favor of the latter. *Morey v. Herrick*, 18 Pa. St., 123; *Blyholder v. Gilson*, id., 134; *Freeman v. Kelly*, 1 Hoff., 90. The mere circumstance of money being advanced by one person to another would give rise to a presumption of a loan or payment

of a debt, and not to the presumption that it was furnished for the purchase of property in trust. *White v. Sheldon,* 4 Nev., 280; *Cutler v. Tuttle,* 19 N. J. Eq., 549.

CASSODAY, J. Section 7, ch. 84, R. S. 1858, provided, as section 2077, R. S., now does, that " when a grant for a valuable consideration shall be made to one person, and the consideration therefor shall be paid by another, no use or trust shall result in favor of the person by whom such payment is made; but the title shall vest in the person named as the alienee in such conveyance, subject only to the provisions of the next section." That section was copied from section 7, ch. 57, R. S. 1849. The purpose of the section is manifest from the "next section" therein referred to, which made such conveyance presumptively fraudulent as against the creditors of the person paying the consideration, and provided that unless such fraudulent intent was disproved a trust should result in favor of such creditors. Section 8, ch. 57, R. S. 1849; section 8, ch. 84, R. S. 1858; and section 2078, R. S. The purpose clearly was to prevent a debtor from defrauding his creditors by buying lands and paying for them with his own money, and taking the title in the name of another. By doing so, a debtor takes the risk of losing all claim to the land, and yet creating a resulting trust in favor of his creditors, enforceable by them. This statute was taken from the New York statute, and hence the adjudications in that state since its enactment there may be instructive. *Garfield v. Hatmaker,* 15 N. Y., 475; *Wood v. Robinson,* 22 N. Y., 564; *McCartney v. Bostwick,* 32 N. Y., 53; *Everett v. Everett,* 48 N. Y., 218. The section is clearly aimed at the person who is the active agent in thus procuring a deed in the name of another; but Christian Kluender was not the active agent in procuring the deed in the name of Ernst, but Ernst, while acting as the agent of Christian, took the deed to himself, but in the name of Ernst Kluender; and hence the section quoted would seem to be,

strictly speaking, inapplicable. Section 9, ch. 84, R. S. 1858, is the same as section 9, ch. 57, R. S. 1849, and section 2079, R. S., and provided that "the preceding seventh section shall not extend to cases where the alienee named in the conveyance shall have taken the same as an absolute conveyance in his own name, *without the knowledge or consent* of the person paying the consideration, or when such alienee, *in violation of some trust*, shall have purchased the lands so conveyed with moneys belonging to another person."

Here there is no evidence that the deed was taken in the name of Ernst with the knowledge or consent of Christian Kluender, although it clearly appears, from the admissions of Ernst, that he made the purchase with moneys belonging to Christian; and we think it is fairly inferable from the evidence, relations, conditions and circumstances of the parties, that Ernst had the money for the purpose of buying a home for Christian and his family, and that in making such purchase he was acting for his step-father, and this was followed by Christian moving upon the premises with his family and remaining there, as stated. Upon these facts we are asked to presume that the deed was taken in the name of Ernst with the knowledge or consent of Christian, and that in making the purchase Ernst was not acting as agent for Christian, but for himself, and that Christian intended the money as a loan, gift or advancement to Ernst. Can such a presumption be indulged?

In *Day v. Roth*, 18 N. Y., 448, an unmarried lady entrusted to the defendant a sum of money, to be invested by him as her agent and for her benefit. The defendant bought certain lands, taking the title in the name of his brother, and then, with the knowledge and consent of his brother, and with the knowledge on his part of the purposes for which said moneys were entrusted to the defendant, used said moneys in paying for and improving the property; and then the two conspired to conceal from her the fact that her money still remained

invested in the property; but the court adjudged a specific lien for the amount due, and that the property be sold in satisfaction thereof, and the judgment was affirmed on appeal.

In *Lounsbury v. Purdy*, 18 N. Y., 515, it was held that "where a married woman paid the consideration for the conveyance of land, which was, without her knowledge or consent, taken by her brother *absolutely* in his own name, without the expression of any trust, she was within the exception by which a trust results for her benefit, although she had consented to a conveyance [to her brother] which would have been ineffectual as a trust, and would have vested the whole estate in herself." COMSTOCK, J., giving the opinion of the court, said: "The true inquiry suggested by the statute is, Did she intend an *absolute* deed to Quereau [her brother]? This has been answered in the negative by the finding, and therefore a trust results from the payment of the purchase money, as it did at the common law. It is by no means necessary that her intentions should be guided by an accurate knowledge of the law, in order to save her rights. If the conveyance was not in fact taken as she desired,— if, without her knowledge or consent, it purported to vest an *absolute* title in Quereau,— the conditions of the statute are satisfied, and the case is brought within the exception to the general repeal of resulting trusts. She had in view, as I think we must assume, a trust conveyance, which would have been ineffectual except to vest the whole title in herself."

In *Siemon v. Schurck*, 29 N. Y., 612, HOGEBOOM, J., in giving the opinion of the court in a somewhat similar case, said: "Another exception has been engrafted or limitation made upon the apparently sweeping and comprehensive terms of this section, to wit: That if it does not appear that the *absolute* character of the deed, upon its face, was known to or designed by the person paying the consideration, it will be *presumed* that it was so written by fraud or mistake, and without any intent to violate the statute. This is clearly the effect

of the cases of *Day v. Roth* and *Lounsbury v. Purdy*," *supra*. And DAVIES, J., who gave a separate opinion, said: "We would also be justified in *assuming*, to maintain this judgment, if it were necessary, that neither Mr. nor Mrs. Siemon gave any consent or had any knowledge that Youngs took the conveyance, as an *absolute* one, in his own name. It is not found that they, or either of them, had such knowledge or gave such consent, and we therefore *assume* they had not, and never gave it."

In *Fairchild v. Fairchild*, 5 Hun, 407, " where one member of a firm was authorized by the other partners to purchase and take title to certain real estate for the benefit of the firm, but they did not authorize him to take title absolutely in his own name without any recognition of their interests therein, and such partner purchased the real estate, paying therefor out of the partnership funds, but took a deed in his own name, *held*, that a resulting trust was thereby created in favor of the other members of the firm." See also *Foote v. Bryant*, 47 N. Y., 544; *Fisher v. Fobes*, 22 Mich., 454.

As intimated, the statutes were enacted to prevent frauds on creditors, and not to protect and shield an agent, acting in a fiduciary or trust relation, in the perpetration of an actual fraud or the violation of a trust. The fact that Ernst kept his surname out of the conveyance, and, for the purpose of taking the title, assumed the surname of Kluender, would of itself seem to indicate a desire to conceal from everybody the fact that he had taken the title to himself. He knew full well, that if he took the title in his true name of Ernst Weissfuss, the public would soon become aware of the fact, and that sooner or later it would come to the knowledge of Christian, or some of his family. The same desire of concealment seems to have induced him to devise the land to his sister by the name of Louise Kluender, instead of her true name, Louise Weissfuss. Besides, the devise being to Louise Kluender, she might easily be mistaken for the then wife of Christian,

*Louisa Kluender.*   Under the facts of this case we are constrained to hold that, (1) Where a person occupying a confidential relation to another is entrusted with money by such other person for the purpose of buying land, and the person so entrusted makes the purchase, and pays the consideration from moneys so furnished, taking the deed to himself, but in the assumed surname of the person so furnishing the money, it must be presumed that the person so entrusted took such conveyance to himself by mistake or inadvertence, and without the knowledge or consent of the person furnishing the consideration, or in fraud or violation of the trust so imposed. (2) A party claiming that the money so entrusted was in fact a loan, gift or advancement, has the burden of proving it. (3) A party claiming title as devisee of such alienee is not entitled to the protection of a *bona fide* purchaser for a valuable consideration, especially where the person furnishing the consideration paid for the land was, at the time of making the devise and of the death of the devisor, occupying the premises with his family as a homestead.

*By the Court.*—The judgment of the circuit court is reversed, and the cause is remanded for further proceedings according to law.

