THE STATE OF IOWA, Appellee, v. M. E. BILLINGS,
Appellant.

**Costs in Criminal Cases on Appeal.** The expense of printing
abstracts of the record in criminal cases under Acts, Twenty-first
General Assembly, chapter 73, section 2, and of amendments to
such abstracts when filed by the accused, for the use of the
attorney general, is not taxable as part of the costs in the cause to
be paid by the county wherein the accused was indicted, but
should be paid by the state upon allowance by the executive
council.

*Appeal from Black Hawk District Court.*

WEDNESDAY, OCTOBER 29, 1890.

PER CURIAM.—The grand jury of Bremer county
returned an indictment against defendant, charging
him with the commission of a felony. The place of
trial was changed to Black Hawk county, and defend-
ant was there tried and convicted. From the judgment
of conviction defendant appealed to this court, and the
judgment of the district court was reversed. In prose-
cuting his appeal, defendant prepared and filed in this
court a number of printed copies of an abstract of the
record, as required by the rules. The attorney general,
believing that the abstract so presented was imperfect,
caused to be prepared and printed copies of an addi-
tional abstract. Application is now made to us to tax
the costs of printing the abstracts to the state, to the
end that they may be paid by Bremer county.

We understand it to be conceded that there is no
statute expressly requiring the payment of such costs
as those in question, by the county liable for the costs
of prosecution. But it is urged that such liability
arises, by implication, from a fair construction of cer-
tain provisions of law which we will now consider. Sec-
tion 2, of chapter 73, of the Acts of the Twenty-first
General Assembly provides that, "in every criminal

case appealed from his county to the supreme court, he
[the county attorney] shall, at least thirty days prior
to the term at which the case is to be heard, prepare
and deliver to the attorney general a properly prepared
abstract of the case." Paragraph 4, of section 303, of
the Code provides that the board of supervisors shall
" examine, settle and allow all just claims against the
county, unless otherwise provided for by law." Section
4386 of the Code is as follows: "The county in which
the offense was committed, and from which the prose-
cution was transferred, shall pay all the costs attending
the prosecution." It is claimed that the provision first
quoted requires the county attorney to have the abstract
printed; that the cost of printing is within the purview
of the section last quoted; and that paragraph 4 of sec-
tion 303 of the Code requires the board of supervisors
to pay it as a just claim against the county. But a
claim against a county is not just, unless the law either
requires or authorizes its payment. *Foster v. County
of Clinton*, 51 Iowa, 548; *Turner v. Woodbury Co.*, 57
Iowa, 440. We think it is clear that section 4386 was
designed to relieve the county, to which a criminal
cause should be transferred, from liability for costs of
its prosecution, and to require their payment by the
county in which the offense charged was committed,
and from which the case was transferred. It was not
designed to increase the items of taxable costs. When
chapter 73 of the Acts of the Twenty-first General
Assembly was enacted, and for many years prior to
that time, it was the practice for the executive council
to pay for the printing deemed necessary, on behalf of
the state in prosecuting appeals to this court, in criminal
cases. Section 150 of the Code requires the attorney
general to prosecute and defend, for the state, criminal
causes in the supreme court. Section 120 of the Code
provides that the executive council shall procure for the
offices of governor, attorney general and others certain
specified supplies, and "any other thing necessary to
enable such officers to promptly and efficiently perform
the duties of their several offices;" also, that " the

accounts for any expenditures under this section, including repairs of the state house, and such other necessary and lawful expenses as are not otherwise provided for, shall be audited upon the certificate of such council, and the warrants drawn therefor paid by the treasurer of the state." The executive council claimed that the practice of paying for printing for the state, referred to, was authorized by the provisions of the Code last mentioned. Chapter 73 of the Acts of the Twenty-first General Assembly was enacted, we must presume, with knowledge of the established practice of the executive council in regard to criminal cases. It provides for the preparation of abstracts, in such cases, by the county attorneys, but makes no provision for the expenses of printing them. We, therefore, conclude that it was not the legislative intent to require the counties to pay such expense, but, rather, that the practice of the executive council should be continued, and we think this is so, whether the printing is done by virtue of an agreement made with the county attorney or the attorney general. In neither case can the county be made liable therefor, but, as the expense is necessary to enable the attorney general to properly prosecute or defend for the state, it may be allowed and paid by the executive council.

What we have said has no application to abstracts prepared and printed by defendants in criminal cases. It was decided in *Red v. Polk Co.*, 56 Iowa, 98, that a county is not liable for the cost of printing such abstracts, even though the defendant be discharged after a reversal of the judgment by this court. In *State v. Rainsbarger*, 74 Iowa, 540, it was held, that neither the county nor the state is liable for such costs. It follows from what we have said that, although the state should pay for printing the abstracts prepared by the county attorney, such payment should be made on application to the executive council, and that the expense of printing cannot be taxed as costs in this case. The motion to so tax them is, therefore, OVER-