KELLER, Appellant, vs. FENSKE, Respondent.

*October 19, 1904—January 10, 1905.*

*Life estates: Relations of life tenant and remainderman: Record of
conveyances: Constructive notice: Purchase of outstanding title
by life tenant: Accounting.*

1. The owner of lands, subject to a mortgage, conveyed the same
to plaintiff, reserving to his wife a life estate, the life tenant
being in possession. This mortgage was foreclosed, both the
life tenant and plaintiff being made parties to the action.
At the foreclosure sale the property brought just enough to
satisfy the foreclosure judgment with interest and costs of
sale. The purchaser, having received the sheriff's deed, con-
veyed the premises to the life tenant in consideration of the
sum paid by him upon the sheriff's sale. The life tenant
thereafter, by warranty deed, conveyed the premises to de-
fendant, who, after her death, took possession. All the con-
veyances were duly recorded at about the time they were
respectively executed. *Held*, that defendant took title from
the original life tenant with knowledge of its burdens and
restrictions, as between the tenant for life and the tenant in
remainder.

2. In such case, the life tenant having been in possession, collect-
ing and using the rents and income from the date of the deed
creating her estate until her death, the purchase by the life
tenant under the foreclosure sale is *held* to have been made
for the joint benefit of herself and the tenant in remainder,
precluding the life tenant from holding it for her exclusive
benefit, if the tenant in remainder will contribute her proper
share of the sum so paid.

3. In such case, whatever the life tenant pays above her propor-
tionate share is secured to her as a creditor, and she becomes
subrogated to that extent to the rights of the lien holder in
the real estate so purchased.

4. In such case, the life tenant, who paid off the mortgage, and
who conveyed to defendant by warranty deed, is *held* to have
conveyed not only her life estate, but also the lien on the
land which she acquired by reason of her payment of the
mortgage.

5. In such case, on an accounting between the tenant in remainder
and the grantee of the life tenant, such grantee having acted
in good faith, he should be charged with the income of the

estate from the termination of the life estate, less the amounts.
paid by him for taxes on the premises.  The grantee should
also recover for such sums as he has paid for improvements
and to preserve the property since taking possession, and also
the amount of the mortgage lien, less the interest paid thereon.

APPEAL from a judgment of the circuit court for Milwau-
kee county: ORREN T. WILLIAMS, Circuit Judge.    Reversed.

An action in equity wherein plaintiff seeks to redeem from
defendant's interest in certain real estate.   She asks for an ac-
counting, and the right to discharge the defendant's lien by
payment of such sums as may be found due from her, and to
be adjudged the owner of the premises.   Defendant admitted
most of the facts as alleged in the complaint, but averred that
he was the owner in fee of the premises, free from any claim,.
right, or interest, and denied that plaintiff had any right to.
or interest in the premises to entitle her to the relief de-
manded.

The material facts of the case, covered by the pleadings and
findings of the court, are clearly and concisely set forth in the
statement of appellant's brief, which we will adopt, and is as.
follows:

"Prior to March 15, 1894, one Caroline Laabs was the
owner in fee simple of a certain lot in the Thirteenth Ward
of the city of Milwaukee, particularly described.   In Decem-
ber, 1890, she and her huband had incumbered this lot by a
mortgage in the amount of $800, securing a note in such
amount; and such mortgage was duly recorded in the office of
the register of deeds of Milwaukee county the day after its
execution.   On March 15, 1894, Caroline Laabs and her hus-
band conveyed the lot by warranty deed to one Frederick
William Fenske, subject to the incumbrance of $800, which
was assumed by the grantee.   Frederick William Fenske and
Louise, his wife, entered into possession of the premises; and
on March 24, 1896, they executed and delivered to the plaint-
iff the deed.   .   .   .   The plaintiff, Louise Keller, was at
the time of beginning the action a married woman; but in
1896 and until 1902 she was unmarried, and bore the name
of Louise Sood, and is the grantee in remainder named in

such deed. In such deed Frederick William Fenske and his wife conveyed the real estate in question to the plaintiff, reserving to Louise Fenske an estate therein for the period of her natural life. This deed was duly recorded in the office of the register of deeds of Milwaukee county on March 31, 1896, and Louise Fenske entered into possession of the premises, and became seised of a life estate therein, and the plaintiff became seised of the estate in remainder. The principal sum of the mortgage incumbrance on the premises remained unpaid, and there was no interest paid upon the incumbrance after the period ending June 15, 1897. By reason of the default in the payment of principal and interest, the mortgagee instituted a suit for the foreclosure of the mortgage, making both Louise Fenske and the plaintiff parties defendant, and serving them with process, and filing notice of *lis pendens* in proper form. In such foreclosure action on December 18, 1897, judgment of foreclosure and sale in the usual form was entered, in the amount of $824.40, for the amount due upon the note and mortgage for principal and interest since June 15, 1897, and for $171.96, solicitor's fees, costs, and disbursements. The judgment of foreclosure remained wholly unpaid, and after the expiration of the year for redemption the premises were advertised for sale pursuant to the judgment, and sold by the sheriff on February 13, 1899, to W. H. Timlin, for the sum of $1,092.86, which sum was sufficient to pay the costs and expenses of the sale and the amount due upon the judgment and interest in full, leaving neither surplus nor deficiency. A sheriff's deed was executed and delivered pursuant to the sale, and recorded, and report of sale filed, and sale confirmed. Three months thereafter and on May 11, 1899, Louise Fenske . . . procured . . . a warranty deed of the same to be executed to her by W. H. Timlin and wife, and she paid therefor the sum that had theretofore been paid upon the sheriff's sale, and this deed was duly recorded. This deed was executed to Louise Fenske alone as grantee, and continuously from March 24, 1896, and until her death, she remained in possession of the premises, enjoying the use, income, profits and benefits thereof; and the rents, income, profits, and use of the real estate at all times exceeded in amount and value the amount of the interest on the mortgage indebtedness, together with the taxes and all other ex-

penses of maintaining the property. . . . On February 2, 1903, the defendant, *William F. Fenske,* obtained from Louise Fenske a warranty deed of the premises, which he caused to be recorded. Louise Fenske died on April 5, 1903. . . . All the conveyances referred to in the complaint were executed, witnessed, and acknowledged so as to be entitled to record. Before the commencement of the action, and after the death of Louise Fenske, the plaintiff offered to the defendant to redeem the premises from such incumbrance as may have existed in favor of Louise Fenske by her subrogation to the mortgage in the amount advanced by her for the discharge of the principal thereof and the costs of foreclosure, and not repaid to her, which incumbrance had become vested in the defendant by conveyance to him from Louise Fenske; and the plaintiff demanded of the defendant a statement of such amount, that she might pay the same, and that the defendant release and quitclaim to her the premises on payment of such amount; and the defendant refused to release or quitclaim the premises to the plaintiff upon any terms whatsoever, and denied her interest therein."

The court, in its findings, stated:

"That the plaintiff was the niece of Frederick William Fenske, one of the grantors in the deed of March 24, 1896, and the plaintiff was at such time and until the year 1902, a minor; that the amount paid by the purchaser at the foreclosure sale on February 13th, 1899, for the sheriff's deed was $1,092.86, which was sufficient to pay the costs and expenses of such sale, the amount due upon the judgment, and interest, in full, leaving neither surplus nor deficiency, and that, of such amount, $81.53 represented interest accrued and unpaid upon $800, the principal sum of the mortgage, leaving $1,011.33, representing the principal of the mortgage indebtedness (without interest thereon), and costs, solicitor's fees, and expenses of sale; and that no interest on the mortgage incumbrance was paid after June 15, 1897. The findings further show that the defendant paid, as consideration for the execution and delivery to him of his deed from Louise Fenske of February 2, 1903, an amount not in excess of $400, and that there was no other or further consideration for such deed, and that on May 8, 1903, and before the commencement of the action, the plaintiff demanded of the defendant the right

of redemption, and offered to redeem the premises from defendant's claim, which demand and offer were refused, substantially as alleged in the complaint; that the defendant, after going into possession of the premises, expended upon the same for necessary repairs the sum of $150, and had up to the time of the trial of the action, namely, January 27, 1904, collected as rents of the premises the sum of $94, and that the rental value of the premises was in excess of the taxes thereon and interest upon the sum of $1,161.33; and that the plaintiff had on May 9, 1903, filed notice of *lis pendens* in the office of the register of deeds of Milwaukee county, and filed her complaint in this action."

Upon these facts the court ordered judgment in favor of the defendant, dismissing the complaint, and judgment was entered accordingly. This is an appeal from the judgment.

For the appellant there was a brief by *Timlin & Glicksman,* and oral argument by *Nathan Glicksman.*

For the respondent there was a brief by *J. M. Clarke* and *Howard Van Wyck,* and oral argument by *Mr. Clarke.*

The following opinion was filed November 15, 1904:

SIEBECKER, J. The court found that defendant went into possession of the premises under warranty deed from the life tenant immediately upon her death, and "that he received and accepted the deed . . . and entered into possession of the premises without any knowledge of any claim of right to or interest therein by the plaintiff." It appears by the above statement of facts that the record of all the conveyances and foreclosure proceedings disclose that the interest in the premises at the time the foreclosure proceedings were instituted was apportioned between the defendant's grantor, as life tenant, and plaintiff, as tenant in remainder, and that defendant's grantor had acquired and held the title obtained at the sale of the premises under the decree of foreclosure. The defendant took the title from the original life tenant with knowledge of its burdens and restrictions, as between herself and the tenant in remainder, under the rule that the record-

ing of a deed entitled to record is constructive notice of its existence and contents to all subsequent purchasers of the land, and which holds them to have knowledge of what appears on the face of the title under which they claim. *Pringle v. Dunn,* 37 Wis. 449; *Weeks v. M., L. S. & W. R. Co.* 78 Wis. 501, 47 N. W. 737; *Gilchrist v. Foxen,* 95 Wis. 428, 70 N. W. 585.

It appears that the original life tenant, Louise Fenske, was in possession of the premises at the time of the issuance of the sheriff's deed under the foreclosure sale on February 13, 1899, and that she continued in such possession, collecting and using the rents, from the date of this sale to the time she obtained the outstanding title under the foreclosure sale, and until her death. The defendant claims the right to the possession under deed from her from the date of her death. These facts show that the relationship of life tenant in possession and tenant in remainder subsisted at the time the life tenant purchased the outstanding title obtained at the foreclosure sale. Under these circumstances, the law regards this purchase by the life tenant as made for the joint benefit of herself and the tenant in remainder, and precludes her from holding it for her exclusive benefit, if the tenant in remainder will contribute her proper share of the sum paid for the interest thus acquired, which inures to the benefit of both. Whatever amount the life tenant paid above her proportionate share is secured to her as a creditor, and she becomes subrogated to a lien on the real estate so purchased. *Phelan v. Boylan,* 25 Wis. 679; *Melms v. Pabst B. Co.* 93 Wis. 140, 66 N. W. 244; *Allen v. De Groodt,* 98 Mo. 159, 11 S. W. 240; *Whitney v. Salter,* 36 Minn. 103, 30 N. W. 755; *Daviess v. Myers,* 13 B. Mon. 511; *Hunter v. Bosworth,* 43 Wis. 583.

There is nothing in the findings of the court to show that an account was stated between the parties as prayed for by plaintiff, should it be found that she is entitled to the relief asked for. This is, no doubt, due to the fact that the court

found that plaintiff had no interest in the property, and there-fore had no right to an accounting. Since we find that plaint-iff became the owner of the premises in fee simple at the ter-mination of the life estate on the 5th day of April, 1903, the date of the life tenant's death, it follows that the judg-ment must be reversed, and the action remanded, with direc-tions that the court proceed to take the necessary proof for an accounting upon the matters involved, and incorporate the re-sult in a judgment which shall establish plaintiff's title to the premises. In the accounting the defendant should be charged with the income of the estate from the termination of the life estate, namely, April 5, 1903, less the amounts paid by him for taxes on the premises. Defendant is to re-cover such sums as he may have paid for improvements and to preserve the property since taking possession under the al-leged deed of February 2, 1903. The right to reimburse-ment for improving and preserving the estate since taking possession is based upon the facts found by the court, that de-fendant acted innocently and in good faith under a mistake as to the true condition of the title. 3 Pomeroy, Eq. § 1241.

The plaintiff is liable to the estate of the life tenant for the sum paid by the life tenant to purchase the outstanding title, less the interest paid thereon.

*By the Court.*—It is so ordered.

After the filing of the opinion and decision in this case on November 15, 1904, the appellant moved the court to correct the judgment so as to provide that there be paid, as a condi-tion of plaintiff's relief, directly to the respondent, the amount paid by his grantor to purchase the outstanding mort-gage title, less the interest thereon.

The following opinion was filed January 10, 1905:

PER CURIAM. After due consideration, we see no escape from the view that Louise Fenske, the life tenant, who paid off the mortgage, did, by her warranty deed to the respondent,

convey not only her life estate, but all the lien on the land which she acquired by reason of her payment of the mortgage. *Larsen v. Johnson,* 78 Wis. 300, 47 N. W. 615; *Slaughter v. Bernards,* 97 Wis. 184, 72 N. W. 977. As a result, all claims which she had to or upon that land, and which the plaintiff would have been required to satisfy under the principles declared in the opinion in this case, became vested in the respondent; and he is entitled to be paid not only the several sums indicated in the opinion originally filed, but also the amount of this mortgage lien.

It is therefore ordered that the judgment and mandate of this court be amended so as to direct that, as a condition of judgment in favor of the plaintiff, there be paid to the defendant the several sums indicated in our former opinion, including that therein directed to be paid to the estate of Louise Fenske.