RYAN, Appellant, vs. DOCKERY, Administrator, Respondent.

*January 10—January 28, 1908.*

*Appeal and error: Review: Questions considered: Immaterial error: Husband and wife: Obligations arising from marital relation: Contracts for personal services: Consideration.*

1. Where a verdict for the defendant should have been directed upon the undisputed evidence, errors alleged on the plaintiff's appeal from the judgment are unimportant.

2. The law requires a husband to support, care for, and provide comforts for his wife in sickness as well as health. Such requirement is grounded upon principles of public policy, and the husband cannot shirk it, even by contract with his wife.

3. Husband and wife may contract with each other before marriage as to their mutual property rights, but they cannot vary the personal duties and obligations to each other which result from the marriage contract itself.

4. When a husband promises to care for, nurse, and support his wife after marriage (she being before marriage a widow with some property and blind), he promises only to do that which the law requires him to do in any event, and neither the doing of what he is in law bound to do nor the promise so to do is a consideration for his wife's promise to bequeath him her property.

5. Such promise of the wife is a *nudum pactum*, and hence where the husband filed a claim for the value of such services against his wife's estate, alleging such a contract, there can be no recovery upon express contract, and the law will not imply one.

APPEAL from a judgment of the circuit court for Brown county: S. D. HASTINGS, Circuit Judge. *Affirmed.*

The appellant, *Edward Ryan,* filed a claim in the county court against the estate of his deceased wife, *Eliza Ryan,* for care, support, and nursing of said wife from the time of their marriage, August 4, 1900, up to the time of her death, February 28, 1905. The complaint as filed in county court was substantially upon *quantum meruit,* and the claim was allowed in that court at the sum of $1,000. The administrator appealed, and in the circuit court an amendment to the complaint was allowed by which it was alleged that just prior to the marriage of the parties and on the same day the deceased agreed with the claimant that in consideration of his services in caring for, supporting, and nursing her she would leave him all her property upon her death should he survive her, and that she failed to perform such promise, to the claimant's damage in the sum of $1,750. It appeared on the trial that Eliza Ryan was a widow with a small property and living alone at the time of the alleged promise, and was blind, and conse-

quently in need of some one to care for her. The jury by
special verdict found (1) that before the marriage a contract
was made between the parties by which the claimant agreed
to take care of, support, nurse, and see to the comfort of de-
ceased during her life, and the deceased agreed to pay there-
for by giving him what property she might leave at her death
for his use during his life; (2) that said agreement was not
made as part of their contract to marry or as a consideration
for the marriage; (3) that the support, nursing, and care was
not such as the parties contemplated should result from the
marriage relation; and (4) that claimant fully performed the
contract on his part. Upon motion the court held that the
negative answer to the second question was wholly unsup-
ported by the testimony and that said question should be an-
swered in the affirmative, but allowed the answer to the third
question to stand. The court further held that as a part of
the consideration was *Ryan's* promise to marry the deceased,
which was void because not in writing, the entire contract
was void, but that it would serve to rebut the presumption
that the services rendered were to be gratuitous. Hence the
court concluded that there might be a recovery for the rea-
sonable value of the services, but there being no proof as to
what the services were worth, the claimant could recover only
nominal damages and costs. Judgment in accordance with
this conclusion was rendered, and the claimant appeals.

For the appellant there were briefs by *Kaftan & Reynolds,*
and oral argument by *R. A. Kaftan.*

For the respondent there was a brief by *John F. Water-
molen,* attorney, and *P. H. Martin,* of counsel, and oral argu-
ment by *Mr. Martin.*

WINSLOW, C. J. We think that the court was entirely
right in changing the answer to the second question of the
verdict; but, as a verdict for the defendant should have been
directed upon the undisputed evidence, neither this question

nor the other detail errors claimed by the plaintiff are important.

One consideration alone disposes of the plaintiff's claim adversely to him. The law requires a husband to support, care for, and provide comforts for his wife in sickness as well as in health. This requirement is grounded upon principles of public policy. The husband cannot shirk it, even by contract with his wife, because the public welfare requires that society be thus protected so far as possible from the burden of supporting those of its members who are not ordinarily expected to be wage earners, but may still be performing some of the most important duties pertaining to the social order. Husband and wife may contract with each other before marriage as to their mutual property rights, but they cannot vary the personal duties and obligations to each other which result from the marriage contract itself. Schouler, Dom. Rel. (5th ed.) § 171; 21 Cyc. 1242. It results from this that, when the plaintiff promised to care for, nurse, and support the deceased after marriage, he promised only to do that which the law required him to do in any event, and neither the doing of what one is in law bound to do nor the promising so to do is any consideration for another's promise. 1 Page, Cont. § 311; *Post v. Campbell,* 110 Wis. 378, 85 N. W. 1035. The alleged promise of the decceased was therefore *nudum pactum.* The plaintiff simply performed duties required of him by law as a husband which he could not avoid or contract away, and there can be no recovery upon express contract, nor will the law imply a contract.

*By the Court.*—Judgment affirmed.