PERKINSON and others, Respondents, vs. CLARKE, Appellant.

*April 18—May 8, 1908.*

*Life insurance: Married women: Separate estate: Adverse claimant: Knowledge: Presumption: Recording: Constructive notice: Payment of consideration for conveyance to another: Resulting trust: Purchaser for value: Evidence: Sufficiency: Husband and wife: Conveyances between: Consideration: Love and affection: Will: Construction: Life estate with power of alienation: Rights of purchaser: Statute: Construction.*

1. Regardless of the source from which the funds are derived for payment of the premiums, a life insurance policy made payable to a married woman becomes, by virtue of sec. 2347, Stats. (1898), her sole and separate property.
2. A married woman devised all her estate, real and personal, to her husband, with full power to sell and use it during his life, and upon his decease the remainder to go to her children. A portion of the property was owned by her as vendee under a land contract, on which there remained an unpaid balance at her

death.  As further security on said contract she had pledged a paid-up insurance policy on the life of her husband, payable to her if she survived him—if not, to her children.  After her death foreclosure of the land contract was commenced.  The husband effected a settlement of the suit by the surrender, with the consent of the children, of the insurance policy and the issuance of a new paid-up policy to the plaintiff in the foreclosure suit, taking a conveyance of the premises by warranty deed directly to himself.  The covenant of warranty excepted therefrom any claim of the original vendee or persons claiming under her.  Afterwards he conveyed the premises to a second wife.  *Held:*

(1) In the absence of proof that the children knew that the father had taken title to himself or that he made any claim to the premises adverse to their rights under the will, the presumption would be that the conveyance to the father was without their knowledge.

(2) The continued possession of the premises by the husband was presumably under the will and as life tenant and not adverse to the children.

(3) Under the rule that the recording of a deed entitled to record is constructive notice of its existence and contents to all subsequent purchasers of the land, and which holds them to have knowledge of what appears on the face of the title under which they claim, the second wife as grantee of the original life tenant was chargeable with knowledge of the restrictions and burdens on the title in favor of the tenants in remainder.

(4) Sec. 2077, Stats. (1898), has no application upon the facts as found by the trial court, as sec. 2079, Stats. (1898), declares that sec. 2077 shall not extend to cases where the alienee named in the conveyance shall have taken the same as an absolute conveyance in his own name, without the knowledge or consent of the person paying the consideration, or when such alienee, in violation of some trust, shall have purchased the lands so conveyed with moneys belonging to another person.

3. Where the title of a married woman as grantee of her husband, a life tenant, depended upon whether she paid consideration, and the only proof thereof was recitals of the deeds, which mentioned one dollar and other valuable consideration, and her own testimony that she had no separate estate except what she received from her husband, and it was stipulated that a part of the property conveyed had been vacant for many years and no change of possession accompanied the execution of the deeds, *held*, that the finding of the trial court that she paid no valuable consideration was proper.

4. Affectionate care and attention bestowed by a wife upon her husband was not of itself a sufficient consideration to support a deed of land from him to her, as such services were rendered in the performance of her duty as wife, for which she could demand no compensation.

5. A wife bequeathed to her husband, without words of inheritance, all her estate, real and personal, "with full power to sell or dispose of the same absolutely as he may see fit, and to use and enjoy during" his natural life, and upon his decease remainder to her children. *Held*, that the will created a life estate in the husband with power of sale for the purpose designated, and vested the remainder, if any, of the property or its proceeds in the children.

6. The donee of such power was enabled to sell the estate devised and vest the same in a *bona fide* purchaser for value, but one who acquired the title without consideration and chargeable with knowledge of a breach of trust held such title subject to the rights of the remainderman.

7. The word "purchasers" in sec. 2108, Stats. (1898), is not used in its technical sense, but must be understood according to the common and approved usage of language, and as thus understood it means a purchaser for a valuable consideration.

APPEAL from a judgment of the municipal court for Marathon county: LOUIS MARCHETTI, Judge.    *Affirmed.*

This action was brought in the municipal court for Marathon county by the respondents to set aside two conveyances of lands and to establish their title thereto as against the appellant. The respondents are the surviving children of John C. Clarke and Rhoda J. Clarke, and appellant is the widow of John C. Clarke by a later marriage, and claims the lands through conveyances from him. One parcel of land is located in Lincoln county and is vacant and unoccupied, and the other consists of a house and lot in Wausau, which had been occupied as a homestead by John C. Clarke in his lifetime. Rhoda J. Clarke died testate in 1892, being then the owner of the land in question and of the house and lot. By her will she gave John C. Clarke, who was named as executor, all her estate, real and personal, with full power to sell the same and to use during his life, and upon his decease the

remainder to her children. The ownership of Rhoda J. Clarke of the house and lot in Wausau was that of vendee in a land contract executed to her by one D. B. Wylie in 1888, and there was due thereon at the time of her death $1,350. By the contract she agreed to pay the purchase price, and assigned as further security for such payment a paid-up life insurance policy payable to her upon the life of her husband, John C. Clarke. A foreclosure of the land contract was commenced in 1894 by the administrator of the estate of D. B. Wylie, then deceased, but a settlement was made prior to judgment. The life insurance policy which had been assigned by Rhoda J. Clarke as security for the purchase price of the land provided that if she died before her husband the proceeds thereof should be paid to their children. The consent of the respondents, they being the surviving children, was obtained to the surrender of the policy and the issue of a new paid-up policy to the plaintiff in the foreclosure suit in settlement of the amount due upon the land contract, to discharge the obligation. Thereupon the representative of the Wylie estate conveyed the premises to John C. Clarke by warranty deed, excepting from the warranty "any claim of Rhoda J. Clarke or persons claiming under her." John C. Clarke was at the time occupying the premises as a homestead under the will of his deceased wife. The court found that the title of the land was not taken in the name of John C. Clarke with the consent or knowledge of the respondents. John C. Clarke married the appellant in 1899. He made a will in February, 1903, leaving her all his property, and died December 14, 1906. In May, 1901, John C. Clarke executed a deed to the appellant of the house and lot in Wausau, which was recorded December 14, 1906, and on December 3, 1906, conveyed to her the land in Lincoln county by deed recorded December 19, 1906. The court found that the appellant paid no consideration for either of said conveyances and that the same had no efficacy as against the respondents,

and directed judgment establishing their title to the lands. This appeal is from the judgment.

The cause was submitted for the appellant on the brief of *Brown, Pradt, Genrich & Anderson,* and for the respondents on that of *Kreutzer, Bird '& Rosenberry.*

BASHFORD, J.   The appellant challenges the finding of the court that Rhoda J. Clarke paid the premiums on the insurance policy which was pledged to secure the payment of the purchase price of the house and lot in Wausau, on the ground that certain receipts and notes found among the papers of John C. Clarke indicate that some of the payments may have been made by him, and further that the proof does not show that his wife then had a separate estate.   The testimony does not show that Rhoda J. Clarke did not have a separate estate or individual earnings, nor does it show from what source the money was derived for the payment of the premiums, the receipts for which are in the name of John C. Clarke.   It is a fair inference from the testimony that the payments were made by her or on her behalf.   We do not regard this finding as material, as it conclusively appears that all premiums had been paid and that this paid-up policy had become the sole and separate property of Rhoda J. Clarke at the time she purchased the house and lot and pledged it as collateral security for the purchase price.   Moreover, prior to her death, ch. 376, Laws of 1891, had been enacted, which applied to all insurance on life theretofore effected, and expressly provided that such policy, when made payable to any married woman, should be her sole and separate property and should inure to her separate use and benefit and that of her children.   Regardless of the source from which the funds were derived for the payment of the premiums, the husband had no valid claim upon the policy or the proceeds after the death of his wife except such as he might derive from the terms of her will.

Appellant assigns as error the finding of the court that the conveyance of the house and lot in Wausau by the representatives of the Wylie estate to John C. Clarke was made without the knowledge or consent of the respondents. The conveyance should have been made to the persons entitled to the property under the will of Rhoda J. Clarke, and John C. Clarke would have thereby acquired a life estate therein with the right of possession. He negotiated the settlement of the foreclosure suit and obtained the conveyance directly to himself from the representatives of the vendor, the covenant of warranty in the deed excepting therefrom any claim of Rhoda J. Clarke or persons claiming under her. In order to effect a settlement, the life insurance policy which had been pledged as collateral security and in which the respondents were interested was surrendered, and the proceeds accepted as full payment of the purchase price of the land. It was necessary to obtain the consent of the respondents to the surrender of the policy for this purpose. John C. Clarke wrote to two of the respondents, who were absent from the state, explaining the situation and asking their consent to the surrender of the policy, and stated that by this method of settlement he would secure a home for himself while he lived, and that the respondents could lose nothing, as he could not deprive them of their mother's property. The other respondent, who was at the time living at Wausau, testified that she did not know how the land was deeded; that she knew one insurance policy was surrendered and a new one issued, but she did not know to whom the deed was to be made. The deed was executed to John C. Clarke November 26, 1894, and recorded January 14, 1895, and he continued in possession of the premises until his death in December, 1906. There is no proof to show that any of the respondents had actual knowledge of the fact that their father had caused the deed to be executed to himself or that he made any claim to the premises adverse or hostile to their rights

under the mother's will. In the absence of such proof the presumption would be that the conveyance was taken in the father's name without the knowledge of the respondents. *Kluender v. Fenske,* 53 Wis. 118, 10 N. W. 370. This finding of the court is fully supported by the evidence. The continued possession of John C. Clarke was therefore presumed to be under the will and as a life tenant, and not as adverse to the respondents. *Allen v. Allen,* 58 Wis. 202, 16 N. W. 610. Had John C. Clarke as life tenant in possession of the premises furnished the money or any part thereof in settlement of the foreclosure suit, he could not thereby have acquired a title thereto adverse to the remaindermen, if the latter were willing to repay the purchase money or to contribute their proper share of the sum so paid. The appellant having taken title from the original life tenant is chargeable with a knowledge of its burdens and restrictions as between herself and tenants in remainder, under the rule that the recording of a deed entitled to record is constructive notice of its existence and contents to all subsequent purchasers of the land, and which holds them to have knowledge of what appears on the face of the title under which they claim. *Keller v. Fenske,* 123 Wis. 435, 101 N. W. 378, 1055.

Although the consideration for the settlement of the foreclosure suit was furnished by the respondents, the appellant contends that the deed executed to John C. Clarke by the representatives of the Wylie estate vested the title in him under the provision of sec. 2077, Stats. (1898). That section has no application upon the facts as found by the court, as sec. 2079, Stats. (1898), declares that sec. 2077 shall not extend to cases where the alienee named in the conveyance shall have taken the same as an absolute conveyance in his own name, without the knowledge or consent of the person paying the consideration, or when such alienee, in violation of some trust, shall have purchased the lands so conveyed with moneys belonging to another person.

The court found that the appellant paid no valuable consideration for the conveyances made to her by John C. Clarke of the house and lot at Wausau and the land in Lincoln county, and this is assigned as error on her behalf. The only proof upon the subject is found in the recitals of the deeds themselves, which mention one dollar and other valuable considerations, and the testimony of the appellant herself that she had no separate property of her own except what she received from John C. Clarke. It was stipulated that the land in Lincoln county had been vacant and unoccupied for the period of ten years last past. There was no actual change of possession upon the execution of the deeds to the appellant, and the court properly found that no valuable consideration had been paid therefor by her. It is suggested, but not argued, by counsel for appellant, that the affectionate care and attention bestowed by her upon her late husband was a sufficient consideration in the absence of any other to support the deeds to the real estate. This was simply the performance of her duty as a wife, for which she did not ask and could not have demanded compensation, and the services thus rendered cannot be considered a valuable consideration for the purchase of the lands. These conveyances must be regarded as gifts pure and simple, suggested by the relationship existing between the parties. *Post v. Campbell,* 110 Wis. 378, 85 N. W. 1032; *Ryan v. Dockery,* 134 Wis. 431, 114 N. W. 820.

The contention is made on behalf of the appellant that the court erred in holding that the will of Rhoda J. Clarke did not give full power to John C. Clarke to make the conveyances to her granting the fee in the lands upon the considerations therein expressed. The intention of the testatrix is clearly expressed in the will and must prevail, as it is not inconsistent with the rules of law. *Jones v. Jones,* 66 Wis. 310, 28 N. W. 177; *In re Moran's Will,* 118 Wis. 177, 96 N. W. 367. She bequeaths to her husband, John C. Clarke, without words of inheritance, all her estate, both real and

personal, with full power to sell the same and to use and enjoy during his natural life, and upon his decease such of the estate as remains shall descend to her children. The will created a life estate in the husband, with power of sale for the purpose designated, and vested the remainder, if any, of the property, or its proceeds, in the children. *Larsen v. Johnson,* 78 Wis. 300, 47 N. W. 615; *Murray v. Kluck,* 87 Wis. 566, 59 N. W. 137; *Post v. Campbell,* 110 Wis. 378, 85 N. W. 1032. The donee of the power was thereby enabled to sell the land and vest the fee in a *bona fide* purchaser, but one who acquired the title from him, without paying any valuable consideration, and chargeable with knowledge of the breach of trust, holds such title subject to the right of the remaindermen. *Hemmy v. Hawkins,* 102 Wis. 56, 78 N. W. 177; *Post v. Campbell,* 110 Wis. 378, 85 N. W. 1032; 3 Pom. Eq. Jur. (3d ed.) § 1048.

Counsel for appellant, in support of the deeds executed to her by the life tenant, urges that under sec. 2108, Stats. (1898), the life estate granted by the will was changed by the absolute power of disposition conferred upon him into a fee simple with respect to any purchaser, and cites in support of the contention *Larsen v. Johnson,* 78 Wis. 300, 47 N. W. 615, and *Auer v. Brown,* 121 Wis. 115, 98 N. W. 966. The word "purchaser" as found in this section is not used in its technical sense, but must be understood according to the common and approved usage of the language. Sec. 4971, Stats. (1898). As so understood, it means a purchaser for a valuable consideration. *Farrington v. Wilson,* 29 Wis. 383. The court in *Larsen v. Johnson,* 78 Wis. 300, 47 N. W. 615, construes a will containing a similar provision, in which the wife was named as devisee with power of sale, and it was held that she took a life estate with power to dispose of the land when necessary for her support and comfort, and that her grantee, upon showing that the necessity existed, took the absolute fee. Under the rule as there stated it was incumbent upon the appellant to show that the conveyances

to her by the life tenant were made for a valuable consideration and for the purpose of carrying out the terms of the will. In *Murray v. Kluck,* 87 Wis. 566, 59 N. W. 137, a will embodying a similar provision was construed as giving the legatee the right to use the personal estate so far as reasonably necessary for her support, but no further; "she could not give it away as she attempted to do here without infringing on the rights of the remaindermen." *Auer v. Brown,* 121 Wis. 115, 98 N. W. 966, is in harmony with these decisions. In that case it was expressly found that the consideration paid for the land was a reasonable and fair price for the fee of the premises.

*Post v. Campbell,* 110 Wis. 378, 85 N. W. 1032, fully supports the conclusion of the trial court that the conveyances of the land by John C. Clarke to the appellant are void against the claims of the respondents, based upon the findings of fact, as hereinbefore stated. There, Mrs. Post, the daughter of Thomas and Rebecca Fryer, brought suit against Campbell, the second husband, who survived her mother, to set aside a conveyance of land which her own father made to her mother, upon a verbal understanding that the latter should have the use of the same, or its proceeds, for her support during her life, the balance, if any remained, to go to the plaintiff. The mother, prior to her death, conveyed the land to Campbell upon a consideration similar to that asserted in this case, and the conveyance was set aside and title established in the daughter. It is said in the opinion:

"The right of respondent to take what was left was in no way inconsistent with the primary right vested in her mother, and therefore it was and is unaffected by the rule that, where there is an absolute grant coupled with a right inconsistent therewith, such right, to the extent of such inconsistency, must fail."

These considerations fully meet the errors relied upon by the appellant, and lead to an affirmance of the judgment.

*By the Court.*—Judgment affirmed.