LARSEN and another, Appellants, vs. JOHNSON, Respondent.

*November 26 — December 16, 1890.*

(*1*) *Wills: Devise of life estate with power to sell.* (*2*) *Evidence: Transactions with person since deceased.* (*3, 4*) *Contracts: Consideration of marriage: Statute of frauds: Executed contract.*

1. Land was devised to the testator's wife "for her sole use and benefit so long as she shall live, with power to dispose of the same if it shall be necessary for her support and comfort;" and the will further provided that "whatever remains after her death shall go to the

heirs," etc. *Held,* that the wife took a life estate, with power to dispose of the fee whenever the necessity mentioned should arise; and that her grantee, upon showing that such necessity existed, took the absolute fee.

2. In ejectment brought by the heirs of the testator against the grantee of the wife after her death, the defendant was competent to testify as to the contract between himself and the deceased wife, since the plaintiffs did not derive their title from her. Sec. 4069, R. S.

3. An oral contract between the wife and said defendant by which the latter was to provide for her support and comfort during life, pay her debts, take care of, manage, and improve the land, and to that end the parties were to marry and live together upon the land, which should be conveyed to the defendant in fee simple, is not void under subd. 3, sec. 2307, R. S. The consideration for the conveyance was not the marriage of the parties, but the support of the wife.

4. Such contract, having been fully executed by the defendant providing for the comfort and support of the wife during her life, and by her conveyance of the land to him, is not within the statute of frauds (sec. 2302, R. S.).

APPEAL from the Circuit Court for *Racine* County.

Ejectment by the heirs of Austin Larsen, deceased, against *Andrew Johnson,* the grantee of Susan Larsen Johnson after the death of her first husband, the said Austin Larsen. The facts are stated in the opinion. The plaintiffs appeal from a judgment in favor of the defendants.

For the appellants there were briefs by *Hand & Flett,* attorneys, and *Luse & Wait,* of counsel, and oral argument by *E. O. Hand* and *L. K. Luse.* They contended, *inter alia,* that the power to sell did not enlarge the life estate to a fee. *Jones v. Jones,* 66 Wis. 310; *Smith v. Bell,* 6 Pet. 68; *Brant v. Virginia C. & I. Co.* 93 U. S. 326; *Giles v. Little,* 104 id. 291; *Bradley v. Wescott,* 13 Ves. Jr. 445; *Boyd v. Strahan,* 36 Ill. 355; 2 Redf. Wills, 336; *Jenkins v. Compton,* 123 Ind. 117; *Logue v. Bateman,* 43 N. J. Eq. 434; *Jackson v. Robins,* 16 Johns. 587; *Rhode Island Trust Co. v. Commercial Nat. Bk.* 14 R. I. 625; *Hinkle's Appeal,* 116 Pa. St. 490; *Hamlin v. U. S. Exp. Co.* 107 Ill. 443; *Downie*

*v. Downie,* 9 Biss. 353; *Stuart v. Walker,* 72 Me. 145; *Wells v. Seeley,* 47 Hun, 109; *Park's Adm'r v. Am. H. M. Society,* 20 Atl. Rep. (Vt.), 107, 42 Alb. L. J. 130. If it be conceded that Susan Larsen took a life estate with the power of sale of the fee under certain contingencies, it must appear affirmatively that such contingency arose and that the power was well executed. *Stevens v. Winship,* 1 Pick. 317; *Larned v. Bridge,* 17 id. 339; *Smith v. Snow,* 123 Mass. 323; *Johnson v. Battelle,* 125 id. 453. The conveyances in question, if operative at all, only passed the title of the life estate of Susan Larsen Johnson, and was not an *execution of the power,* no mention of the power being made therein. 2 Perry, Trusts (3d ed.), sec. 511c; *Mut. Life Ins. Co. v. Shipman,* 119 N. Y. 324; *Towle v. Ewing,* 23 Wis. 336; *White v. Hicks,* 33 N. Y. 383; *Bingham's Appeal,* 64 Pa. St. 345; *Blagge v. Miles,* 1 Story, 426; Sugden, Powers (3d Am. ed.), 477; 4 Kent's Com. (12th ed.), 330 *et seq.*

A devise to the wife for her necessary support would cease whenever she had other means of support. It has been held in the case of a devise to a widow for the support of the children of the testator, that the right of a female child to support ceases upon her marriage. *Taylor v. Elder,* 39 Ohio St. 535; *Moore v. Gamble,* 9 N. J. Eq. 252; *Connor v. Ogle,* 4 Md. Ch. 433; *Thorpe v. Owen,* 2 Hare, 612.

The intention of the testator, to give whatever remained of the proceeds, in case of disposition of the lands, to the heirs is sufficiently clear, and equity will protect their interest. *Goudie v. Johnson,* 109 Ind. 427; *Hall v. Otis,* 71 Me. 326; *Pierce v. Stidworthy,* 79 id. 234; *Re Ortelle,* 24 Minn. 173; *Ackerman v. Gorton,* 67 N. Y. 63; *Flikinger v. Saum,* 40 Ohio St. 591; 2 Jarman, Wills, 411; 2 Washb. R. P. secs. 252, 239, 699; *Van Horn v. Campbell,* 100 N. Y. 287. The power of sale is, then, a power in trust under sec. 2121, S. & B. Ann. Stats. and cases cited in note. If, therefore,

the conveyance in question was made without a valid and sufficient consideration, if made in violation of the intention of the testator, it is a fraud upon the remaindermen and should be held void as not a proper execution of the power. R. S. sec. 2150; *Smith v. Bowen*, 35 N. Y. 83; *Shank v. De Witt*, 44 Ohio St. 237; 1 Story's Eq. Jur. sec. 256.

*T. M. Kearney* and *J. R. Dyer*, for the respondent.

ORTON, J.   The testimony tends to prove, and the circuit court found, substantially, the following facts: One Austin Larsen died July 20, 1857, seised in fee simple and in possession of eighty acres of land in the county of Racine, leaving no children, but leaving his widow, Susan Larsen, and a last will and testament by which he gave and bequeathed to his beloved wife, the said Susan Larsen, all of said land by particular description, "to be for her sole use and benefit so long as she shall live, with power to dispose of the same if it shall be necessary for her support and comfort in this life." He also devised to her certain kinds of personal property for life, and his goods and chattels generally to be hers forever. The residuary clause of the will is that "whatever remains after her death shall go to the heirs of him and her in the manner provided by the laws of this state." His only heirs were his two brothers, the appellants, and the children of two deceased brothers. The said will was duly proven and admitted to probate in said county on the 7th day of September, 1857, and said Susan Larsen was appointed sole executrix, having been so named in the will.

About eleven acres of said land only was partially cultivated, and the buildings thereon were a small log-house and a log-shed covered with brush and straw, and of little value. The remainder of the land was covered with small and poor timber, and some marsh. The said Susan Larsen remained in possession of said land, and did all she could to

derive her support therefrom, and the little personal prop-
erty upon it, but was unable to do so, until about June,
1859. She had been compelled to contract debts for such
purpose to the amount of over $500, and was unable to
rent the land for an amount sufficient for her support. It
sufficiently appeared from the testimony that the time had
come when it was necessary to dispose of said land for her
support and comfort, and for the payment of her debts.
About that time the said Susan Larsen entered into a con-
tract with the respondent that he should provide for her
support and comfort during her life, pay her said debts,
take care of, manage, and improve said land so as to make
it productive for such purpose, and to that end it was agreed
that they should become husband and wife, and live to-
gether on said land, and that, in consideration of the above
provisions for her support and comfort, the said Susan
should convey said land to the respondent in fee simple. In
execution of the said contract, having been married to the
said Susan on the 9th day of June, 1859, the respondent at
once entered into the possession of said land, provided for
the support and comfort of the said Susan during all the
time thereafter and until the 23d day of March, 1868; and
he paid off said indebtedness with interest, removed stumps,
trees, and brushwood from said land, dug ditches for the
drainage of the said marsh land, built fences, erected a
granary and other farm buildings, and labored diligently to
improve said land, and rendered the same sufficiently pro-
ductive for their comfortable support, and he thereby gave
said land its then principal market value. The respondent
fully performed his part of said agreement, and he was
therefore entitled to the conveyance of said land by the
said Susan Larsen, according to her part of the agreement.
In execution of said contract on her part, the said Susan
Larsen, on the said 23d day of March, 1868, conveyed said
land to one Charles Alby by warranty deed, and caused

the said Alby and wife to convey the same to the respondent, *Andrew Johnson*, by a like warranty deed, and he thereby became entitled to said land in fee simple. From that time until the 14th day of April, 1884, when the said Susan, then Susan Johnson, died, the respondent provided amply for her support and comfort. It appeared that the said Susan had always been in poor and feeble health, and unable to do much physical labor.

There are fifteen exceptions to the findings of the above facts, but only a few of them are contested in the brief of the learned counsel of the appellant.

It appears that the record of the will and of the proceedings of probate had been destroyed by fire, and copies thereof had been established by the county court according to the statute; and such restored records were offered in evidence. Exception was taken to their admission. They appear to have been restored according to law, and to be competent evidence to prove the contents and probate of the will. Exception was also taken to the testimony of the respondent to prove the contract between himself and the said Susan Larsen, because the said Susan Larsen was not living. We are cited to sec. 4069, R. S. The statute does not exclude such testimony, because in this action the plaintiffs, as the "opposite party, did not derive their title from such deceased person."

There are two objections made by the learned counsel of the appellants to the validity of the contract: (1) Because the consideration was the marriage of the parties. Sec. 2307, R. S. (2) Because the contract was not in writing, as required by sec. 2302, R. S.

1. The marriage of the parties was not the consideration of the contract to convey the land or any part of it. It was only incidental as the condition or relation in which the respondent should render to the said Susan Larsen, and she receive, her support and comfort as the consideration

of the conveyance. The agreement to marry may have been made at the same time, but not as any part of the consideration for the conveyance. It was for the benefit of the respondent as much as, if not more than, it was for her benefit. There was sufficient lawful and valuable consideration to support the contract, aside from any supposable consideration of marriage.

2. The agreement, although not in writing, was fully executed and performed. This, by all authority, takes it out of the statute. The said Susan Larsen, now deceased, received from the respondent her support and comfort as long as she lived, and the conveyance was made in full execution and performance of the contract on both sides.

The main question in this case is, What is the nature and extent of the power given in this will to the widow, Susan Larsen, in the words of the will, " with power to dispose of the same [the land] if it shall be necessary for her comfort and support in this life " ?

It is the contention of the learned counsel of the appellant — (1) That this power does not enlarge the life estate of the said widow *to a fee;* that is, it is a power to dispose of the life estate only. The authorities cited by the learned counsel are not applicable to this case. There may be similar language in a will, construed in the light of accompanying facts and circumstances, which will not bear a more extended construction to carry out the clear intention of the testator. But the language, as well as the circumstances in such cases, are entirely different from those of this will, as in *Jones v. Jones,* 66 Wis. 310, and the other cases cited. The only question in which the respondent is interested is whether the power may pass the fee. Whether it is conditional or absolute, restricted or unrestricted, is immaterial to him, if the contingency had happened upon which she had the power to dispose of the land in fee. It is claimed in his behalf that such was the case, and there was much

testimony introduced to show that it was necessary to dis-
pose of all of this land, in its then condition, for her support
and comfort, and that the proceeds of the sale were all con-
sumed for such purpose; and so the circuit court found,
and, we think, correctly.   (2) By far the greater number
of the authorities cited by the learned counsel of the appel-
lants are in support of this construction of the will, and,
with much candor, they say: " The cases are numerous that,
where a power is given to the donee to sell for the purpose
of obtaining her necessary support, it is a limited one, and
can only be exercised where the necessity arises, and that
it is incumbent upon the grantee under the power to show
that it is properly exercised." This is a concession of all
that the respondent need to claim in this case to support
the judgment.   If the widow had the power to dispose of
the *corpus* or fee of the estate, on the condition or contin-
gency of its necessity for her support and comfort, and the
evidence shows that such a contingency arose, then the title
of the respondent is perfect.

I am inclined to think that this is the proper construc-
tion of this power.   The learned counsel have furnished all
the authorities necessary to sustain this position, and they
are very much in point.   *Park's Adm'r v. Am. H. M. So-
ciety,* 20 Atl. Rep. (Vt.), 107; *Minot v. Prescott,* 14 Mass.
496; *Whitcomb v. Taylor,* 122 Mass. 248; *Cutting v. Cut-
ting,* 86 N. Y. 522; *Morford v. Dieffenbacker,* 54 Mich. 605.
In this last case the devise was for the life of the devisee,
with power to dispose of enough of the estate for his sup-
port.   The court holds that this gave a life estate with con-
ditional power of disposal in fee.   *Henderson v. Blackburn,*
104 Ill. 227.   In *Goudie v. Johnston,* 109 Ind. 427, the de-
vise was of personal property to the wife for life, with
power to sell.   Held, that it was a power to dispose of the
*corpus* of the estate.   In *Henderson v. Blackburn, supra,*
the devise was of a life estate, with power of disposition of

Larsen and another vs. Johnson.

what she may need of it.   It was held that the power gave
the right of disposal of the fee, if the necessity should arise.
A similar case is that of *Terry v. Wiggins*, 47 N. Y. 512.
In *Bishop v. Remple*, 11 Ohio St. 277, there was a power
of disposal during the life of the devisee.   The court holds
" that the power of selling and conveying is inconsistent
with the idea of a naked life estate; " and that the wife
had power to sell and convey the land in fee; and the deed
in question was upheld as a sufficient execution of the
power.   In *Bamforth v. Bamforth*, 123 Mass. 280, the will
gave an estate for life, with power of disposing of as much
of the estate as may be necessary for the devisees' comfort-
able support, as long as either shall live.   Chief Justice
GRAY says: " Thereby giving them a power to dispose of
so much of the *fee* as may be necessary for that purpose."
It was held also, in this case, as in many of the above cases,
that the will created no trust in such a case.   *Stevens v.
Winship*, 1 Pick. 317, is a quite similar case, with a power
to sell " in case the wife shall stand in need for her comfort-
able support."   This is cited in the above case.   It was
held " that the devisee would take a fee on the happening
of such contingency."   *Johnson v. Battelle*, 125 Mass. 453,
is to the same effect, as is also *Larned v. Bridge*, 17 Pick.
339.   See, also, *Giles v. Little*, 104 U. S. 291; *Smith v. Snow*,
123 Mass. 323; *Jenkins v. Compton*, 123 Ind. 117; *Kauf-
man v. Breckinridge*, 117 Ill. 305.   In nearly all of the
above cases there was a residuary clause in the will that
any remainder should go to heirs or others named.   In
case the land is sold under the power, what may remain of
the proceeds on the death of the devisee, unexpended, passes
under the residuary clause, and nothing else.   The author-
ities seem to be nearly if not quite uniform that under such
a power the widow may sell and convey the fee whenever
it shall be necessary for her support.   It would seem that
our statute of powers is to the same effect.   Secs. 2107,

2108, R. S.   We have seen that such a power is unaccompanied by any trust.   Sec. 2112, R. S., seems to settle the disputed question whether such a power is absolute.   " It shall be *deemed* absolute if the grantee is enabled in his life-time to dispose of the entire fee for his own benefit."

It follows, therefore, that Susan Larsen had the power to dispose of the land in fee, and that it was properly executed by the sale and conveyance thereof to the respondent, and that he held the same in fee simple as against the appellant heirs of the testator. ·

*By the Court.*— The judgment of the circuit court is affirmed.