Argued December 11, 1923, affirmed February 5, rehearing denied and costs taxed March 4, 1924.

# ELIZABETH BAGLEY v. WILLIAM BAGLEY, JR., ET AL., EXRS.

(222 Pac. 722.)

**Wills—Agreement to Make Will Enforceable.**

1. An agreement will be sustained by which competent parties contract that one shall make a will in favor of the other.

**Wills—Marriage of Testator Abrogated Will Made Prior Thereto.**

2. Where contract provided that plaintiff would enter into testator's service as housekeeper and caretaker, serve and care for him during the remainder of his lifetime, and that on his death he should leave her all his property, and thereafter, after executing and delivering his will to plaintiff pursuant to such contract, and before any performance by plaintiff, testator married her, such marriage, under Section 10098, Or. L., abrogated such will.

**Wills — Voluntary Assumption by Marriage of Duties Imposed by Prior Contract to Make Will Held to Destroy Consideration for Contract.**

3. Where plaintiff contracted to enter testator's service as housekeeper and serve him during the remainder of his life in consideration of his leaving her his property by will and before any performance by plaintiff, but after testator executed and delivered will to her she contracted marriage with him, by thus voluntarily assuming under the marriage contract the duties she was to perform under the first contract, consideration for the promise to make the will was destroyed.

1. Specific performance of contract to leave property in consideration of services or support, see notes in Ann. Cas. 1914A, 399; 44 L. R. A. (N. S.) 733.

2. Intermarriage of parties as affecting contract for services, see note in 14 A. L. R. 1013.

See 40 Cyc. 1063, 1201.

From Washington: GEO. G. BINGHAM, Judge.

Department 1.

AFFIRMED.    REHEARING DENIED.

For appellant there was a brief and oral argument by *Mr. Harry G. Hoy.*

For respondents there was a brief over the names of *Mr. E. B. Tongue* and *Messrs. Hare, McAlear & Peters,* with oral arguments by *Mr. Tongue* and *Mr. W. G. Hare.*

BURNETT, J.—The plaintiff is the widow and the defendants are the sons and executors of the will of William Bagley, Sr., deceased. The complaint contains the following allegations:

"1. That on or about the first day of January, 1917, and while the above-mentioned William Bagley, now deceased, was alive, plaintiff entered into a contract with the said William Bagley (sometimes known and described as 'William Bagley, Sr.') by the terms of which it was agreed that as soon as the parties thereto could arrange their affairs to that end this plaintiff was to enter into the service of said William Bagley as his housekeeper and caretaker, and should so serve and care for him during the remainder of his lifetime; and that in consideration of the faithful performance of the conditions so imposed upon plaintiff by said agreement the said William Bagley was to furnish plaintiff with a good home, was to feed and to clothe her, and that upon his death he should leave, will, bequeath and devise to the plaintiff all of the property, both real and personal, that should belong to him at the time of his death, except so much as was necessary to pay his just debts and funeral expenses, and to allow to each of his five children then living the sum of One Dollar.

"2. That it was further mutually understood and agreed by and between the said William Bagley, Sr., and this plaintiff, at or about the time above mentioned, that their said agreement could be best and most satisfactorily performed and rendered effective to accomplish the principal purpose desired by the said William Bagley, namely, the constant care and close attention of a capable and thoughtful housekeeper, if the said parties should enter into a contract of marriage.

"3. That pursuant to the terms of said agreement the said William Bagley did execute and deliver to this plaintiff, shortly after entering into the agreement aforesaid, to wit, January 3, 1917, a will by the terms of which, after revoking all former wills made by him, directing the prompt payment of his just debts and funeral expenses after his death, and giving to each of his five children the sum of One Dollar, he gave, devised, and bequeathed all the rest, residue, and remainder of his property, both real and personal and mixed, wheresoever situate, of which he was then possessed or of which he might thereafter become possessed or seized, to this plaintiff; and thereafter, in further preparation for the carrying out and consummation of said agreement, and as soon as said parties could arrange their affairs and plaintiff was enabled to assume the duties devolving upon her by the terms of said agreement, to wit, June 2, 1917, said William Bagley and this plaintiff were married and plaintiff commenced the performance of the duties devolving upon her by virtue of said agreement aforesaid."

The remainder of the complaint is to the effect that after the marriage the plaintiff performed her part of the agreement but the decedent made another will afterwards by which he bequeathed to the plaintiff only one dollar and, after other small bequests, devised all the remainder of his property to the defendants. The prayer is to the effect that the court

establish the contract the plaintiff declares upon and that the defendants be held to be trustees, for her benefit, of the property devised to them.

There was a general demurrer to the complaint which the Circuit Court sustained and, as the plaintiff declined to plead further, the suit was dismissed and the plaintiff appealed.

1. Paragraph 1 avers a complete executory contract. If, without further agreement, except as there stated, the plaintiff had performed what she therein promised, she could have recovered; for it is well settled that an agreement will be sustained by which competent parties contract that one shall make a will in favor of the other: *Woods* v. *Dunn,* 81 Or. 457 (159 Pac. 1158); *Mathews* v. *Tobias,* 101 Or. 605 (201 Pac. 199).

2. Not content, however, with this complete executory contract, the parties, according to the allegations of paragraph 2 entered into a new, further and separate contract, namely, the contract of marriage, which by operation of law covered and included the covenants on the part of the plaintiff which were made in the first contract. In other words, she bound herself by the contract of marriage to do the very things which she agreed to do in the first stipulation. It is disclosed in the complaint that in carrying out his part of the first contract, the decedent executed and delivered to the plaintiff his last will and testament on January 3, 1917, devising and bequeathing to her all the property of which he might die seized except some nominal bequests to his children after paying his debts. The marriage contract was executed on June 2, 1917, before there was any performance by the plaintiff of the contract set out in paragraph 1. The two contracts are not collateral. One is not

security for the other. They are successive, the latest of which supersedes the former.

3. The subsequent marriage of the testator abrogated the will he had executed and delivered to the plaintiff, for Oregon Laws, Section 1098, reads thus:

"A will made by an unmarried person shall be deemed revoked by his or her subsequent marriage."

The plaintiff's voluntary assumption by virtue of the marriage, of the duty she was to perform under the first contract, destroyed the consideration for the promise to make the will. There then remained no consideration for any contract by which she would get anything from her husband beyond what inured to her from the marriage. In other words, there was a complete supersession of the first contract.

The case is not like *Larsen* v. *Johnson,* 78 Wis. 300 (47 N. W. 615, 23 Am. St. Rep. 404), cited by the plaintiff. There, the original contract included not only the services to be performed by one of the proposed spouses on the one hand and the conveyance of property by the other, but it also included the mutual agreement of the parties to marry each other. The contention was made under a statute like ours that the agreement was void when not in writing and made upon the consideration of marriage other than a mutual promise to marry; but the court said *arguendo* that enough was stated for consideration moving from each of the contracting parties to sustain the covenant and that what was said about marriage was only incidental and might be disregarded. Moreover, the decision was put upon the ground that the case was taken out of the statute of frauds by complete performance of the contract by both parties.

The distinction between that case and the one in hand lies in this: That according to the pleading here, a complete agreement was made prior to anything stated or stipulated about a marriage. In this instance the marriage was subsequent to and independent of the former agreement. In brief, the decedent married his housekeeper. She assumed a new relation which, by operation of law, compelled her to perform those things independent of the former contract. She assumed the position voluntarily in which she had no right to call upon the decedent to make a will in her favor, for she had so obligated herself by the marriage that she was not able to furnish the consideration for his making the will. That she can claim nothing for doing what she was legally bound to do is taught in *Hoskins* v. *Powder Land & Irr. Co.*, 90 Or. 217 (176 Pac. 124), and precedents there cited. See, also, *Feenaughty* v. *Beall*, 91 Or. 654 (178 Pac. 600).

Neither is this case like those cited by the plaintiff to the effect that where married spouses living apart under circumstances giving one of them a just cause to dissolve the marriage relation, an agreement to resume those relations is a sufficient consideration requiring the party at fault to pay a sum of money or to convey property or the like. The waiver of the innocent party's chose in action to dissolve the marriage contract constitutes a sufficient consideration to support the covenant of the offending spouse to pay the money, for the marriage relation does not bind either party to endure at the hands of the other anything the statute makes a ground for divorce. It does, however, require of the wife just such services to her husband as the plaintiff here says she was to perform as his housekeeper.

No breach of the marriage relation appears in the pleadings here. On the contrary, plaintiff states that she performed what she was obliged to perform by that matrimonial stipulation. There was no occasion or requirement for the decedent to make a will in her favor, for there was no consideration binding him so to do because she had otherwise agreed to do the things she relies upon as a consideration. She has not even partly performed the first contract she states and his part performance was rendered nugatory by his marriage subsequent to the execution of the will. The subject is ably treated in *Bohanan* v. *Maxwell*, 190 Iowa, 1308 (181 N. W. 683, 14 A. L. R. 1004, and note in the last citation). The decree of the Circuit Court is affirmed.

AFFIRMED. REHEARING DENIED. COSTS TAXED.

McBRIDE, C. J., and RAND and McCOURT, JJ., concur.

---

Motion to dismiss appeal denied November 14, 1922, argued February 20, reversed and remanded March 4, 1924.