Argued at Pendleton October 26, affirmed November 23, 1926.

## L. A. STOOP *v.* UNITED STATES NATIONAL BANK ET AL.

(250 Pac. 760.)

**Pleading—Amended Complaint, Alleging Agreement by Plaintiff to Forego Prosecution of Action Against Defendants, Instead of Agreement, Alleged in Original Complaint, to Defend Jointly Suit Against All, as Consideration for Contract to Share Profits from Sale of Land, Held Properly Stricken (§ 102, Or. L.).**

1. In action for share of profits from sale of land, amended complaint, alleging agreement to forego prosecution of action against defendants for money due plaintiff as consideration for contract on which complaint was based, *held* properly stricken from files, under Section 102, Or. L., as expressing different consideration than agree-

1.  See 21 **R. C. L.** 580.

ment alleged in original complaint jointly to defend damage suit against plaintiff and defendants.

**Joint Adventures—Partnership.**

2. Arrangement by brokers and assignee of purchaser's interest in land to share proceeds of resale, *held* a joint adventure or partnership.

**Joint Adventures—Partnership—Agreement Jointly to Defend Suit for Damages from Sale of Land Held Insufficient Consideration for Contract to Share Proceeds, as Requiring Only Performance of Parties' Duty as Joint Adventurers or Partners.**

3. Agreement by brokers and bank as assignee of defaulting purchaser's interest in land, jointly to defend damage suit arising from resale thereof, *held* insufficient consideration for contract to share proceeds of sale, as requiring only what was duty of all, as joint adventurers or partners, to do for their own protection.

**Appeal and Error.**

4. Ruling denying relief prayed for by defendants not appealing cannot be considered.

---

Appeal and Error, 4 C. J., p. 695, n. 99, p. 696, n. 5.
Contracts, 13 C. J., p. 351, n. 27, p. 353, n. 45.
Joint Adventures, 33 C. J., p. 860, n. 30, 34 New.
Pleading, 31 Cyc., p. 366, n. 87, p. 402, n. 12, p. 617, n. 49.

From Union: J. W. KNOWLES, Judge.

In Banc.

Plaintiff began an action July 7, 1924, against the defendants to recover the sum of $1,479. The complaint is based upon an alleged oral contract for said sum. The cause of action grew out of a series of dealings conducted by plaintiff and his associates in effecting a sale of real property in which defendant bank had an interest. The land was in the possession of Harry Schwebke and W. H. Schwebke under a contract to purchase. They were in default and the bank had an assignment of their interest in the real property as security of indebtedness to the bank, W. H. Schwebke abandoned his interest in the con-

---

2. See 15 R. C. L. 500.
3. Contribution to expenses of joint adventure, see note in 11 A. L. R. 432.

tract, and was adjudicated a bankrupt. The defendant bank succeeded to his interest in the contract to purchase. The contract was subject to foreclosure. The defendant bank solicited the assistance of C. J. Black & Company, a partnership composed of C. J. Black and the plaintiff, to effect a sale of the land in possession of said Schwebke and the defendant bank under said contract to purchase. A sale and exchange of properties was consummated by C. J. Black & Company, and O. E. Rider, a real estate dealer living at Elgin. As a part consideration of the sale of the Schwebke land two tracts of land were accepted by the plaintiff and the defendants from the purchaser, one Walch. The arrangement between plaintiff and defendants was to the effect that they would share equally in the net profits for bringing about a sale of the Schwebke land, that is to say, plaintiff was to have one third, O. E. Rider one third and the defendants the other one third. The transaction covered quite a period of time and had many ramifications. During the progress of the transactions the parties interested entered into an agreement set out in plaintiff's complaint as exhibit A and another agreement set out in plaintiff's complaint as exhibit B.

"EXHIBIT 'A'

"Wm. Miller, President          C. R. Harding, Asst. Cashier
"Aug. J. Stange, Vice Pres.     L. H. Bramwell, Asst. Cashier
                "T. J. Scroggin, Cashier.

No. 9314
"THE UNITED STATES NATIONAL BANK
"La Grande, Ore.

"December 20, 192

"FOR AND IN CONSIDERATION of Three Thousand two hundred seventy four dollars and sixty six cents ($3,274.66) paid to C. J. Black and Company and

O. H. Ryder, we hereby agree that a note dated October 3, 1921, for five thousand ($5,000) signed by Charles Walch and due on or before November 1, 1922, that if this note shall be paid in full there is due, out of the proceeds, two thousand four hundred eight dollars and forty-four cents ($2408.44) to C. J. Black, L. A. Stoop and O. E. Ryder. But should the United States National Bank not be able to collect the full amount of five thousand dollars ($5,000.00) on the above mentioned note then each one shall take his *pro-rata* loss, whatever that might be.

> "(Signed)  L. A. STOOP
> "(Signed)  C. J. BLACK
> "(Signed)  T. J. SCROGGIN, Cashier
> "(Signed)  O. E. RIDER,
> > "By C. J. BLACK."

### "EXHIBIT 'B'

"Wm. Miller, President     C. R. Harding, Asst. Cashier
"Aug. J. Stange, Vice Pres.     L. H. Bramwell, Asst. Cashier
"T. J. Scroggin, Cashier.

### No. 9314

"THE UNITED STATES NATIONAL BANK
"La Grande, Ore.

"October 10, 1922.

"WHEREAS, C. J. Black and Company and O. E. Ryder have an interest of $2408.44 in certain notes signed by Wm. Hazelwood. It is agreed and understood that this amount be left with the United States National Bank of La Grande, Oregon, to secure the payment of a note signed by Charles Walch, dated October 10, 1922, and due October 1, 1923, for the amount of forty eight hundred ($4800.00) dollars, payable to the United States National Bank. Should the above note, signed by Charles Walch for $4800.00 be paid in full, by Mr. Walch, then the above amount mentioned $2408.44 shall be paid to C. J. Black and Company and O. E. Ryder. But if for any reason Mr. Walch should fail to pay the note in full then the full amount of the above mentioned, due to C. J.

Black & Company and O. E. Ryder, shall apply on the Charles Walch note, or if Mr. Walch should pay a portion of this note and only require a portion of the amount due C. J. Black and Company and O. E. Ryder to complete the payment, then the balance of such amount shall be paid to C. J. Black and Company and O. E. Ryder.

"(Signed)   L. A. Stoop
"(Signed)   C. J. Black
"(Signed)   O. E. Rider
"By C. J. Black.

"I, hereby, acknowledge receipt of the above collateral.

"(Signed)   T. J. Scroggin, Cashier."

Plaintiff alleges that both these contracts were superseded by the verbal contract upon which the action is based. The defendant bank answered denying all the material allegations of the complaint, except as admitted in its further answer and defense. For a fourth separate answer and defense, and as a cross-complaint in equity defendants set out in detail their version of the complicated arrangements and deals between the parties to this suit; prays for bringing in C. J. Black and O. E. Rider as parties defendant and for an accounting. Defendant T. J. Scroggin answers separately disclaiming any personal interest in the transaction. An order was made in accordance with the prayer of the defendant bank's answer and a motion for that purpose requiring C. J. Black and O. E. Rider to be made parties defendant. The reply joins issue and the case was tried in equity. At the close of the testimony the plaintiff moved for permission to file an amended complaint and without waiting for such permission filed the same. The amended complaint contains the following new matter:

" * * and in consideration of an agreement on the part of said C. J. Black & Company, and said Rider to forego the prosecution of an action at law against defendants to recover certain money which said C. J. Black & Company and said Rider claimed were due to them from defendants and for the recovery of which an action at law had been threatened against defendants, * * and would not prosecute said threatened action against said defendants, * * and in full settlement of all claims and demands of said C. J. Black & Company and said Rider against said defendants, * * "

This new matter was set out as an additional consideration for the contract upon which plaintiff relies in this action. The court upon motion of the defendants struck the answer from the files because filed without the permission of the court, and for the further reason that it introduced new matter substantially changing the cause of action. A decree was entered denying relief to the plaintiff on his complaint, also denying any relief to the defendant bank on its cause in equity and that neither party recover costs. Plaintiff became the owner of the interest of Black and Rider before beginning the action.

AFFIRMED.

For appellant there was a brief over the name of *Messrs. Nichols, Hallock & Donald,* with an oral argument by *Mr. Blaine B. Hallock.*

For respondents there was a brief over the name of *Messrs. Cochran & Eberhard,* with an oral argument by *Mr. Geo. T. Cochran.*

COSHOW, J.—1. The ruling of the court striking from the files the amended complaint must be upheld. The original complaint alleged as a considera-

tion for the contract upon which it based its complaint to be the agreement upon the part of the defendant and his associates to jointly defend an action brought by Walch against the plaintiff, his associates and the defendants in this suit, for damages alleged to have been sustained in the sale of the Schwebke land. One of the issues joined was the validity of that consideration. The new matter inserted in the amended complaint and above set out clearly shows that it expresses a different consideration, substantially changing the issue which would require different testimony upon the part of the defendant to meet: § 102, Or. L. The amended complaint was not offered until all evidence was taken. The defendants had no notice of the claim on the part of the plaintiff that the consideration in support of his alleged claim was the additional matter set out in the amended complaint. The issues here are joined by the original complaint, the answers, including the equitable defense, and the reply.

2. It is not seriously disputed that the arrangement between plaintiff's firm, C. J. Black & Company, and the defendants constituted a joint adventure or partnership. That is clearly shown by the agreement set out as exhibit "A" in plaintiff's complaint and herein above set out in full. That also appears from these allegations in the original complaint:

" * * the said deal and the ultimate sale of the premises so conveyed by said Walch, and at said time all of said parties, i. e., the said defendant bank and the said Scroggin as one party, the said C. J. Black & Company as another party and the said Rider as the third party, agreed that in consideration of the working out of said transaction, advancing said moneys and effecting a sale of the two tracts of land received from said Walch, they, the said parties, would share on the basis of one-third to each, the

proceeds from the sale of said two tracts so conveyed by said Walch * * ''

'' * * and the balance of $416.00 was deposited in said bank to the credit of said C. J. Black & Company, subject to division between the three parties above named at such time as the remaining tract of land so received from said Walch would be disposed of; all pursuant to the agreement hereinbefore set forth.''

3. It necessarily follows that when the parties to this joint adventure or partnership were jointly sued by Walch to whom it had sold the Schwebke land, it became the duty of the plaintiff and his associates to defend against the complaint of Walch as much as that duty devolved upon the defendants. The allegation of the original complaint stating the consideration for the contract which was the basis of the Walch complaint is to the effect that

'' * * it was agreed by and between said parties that they would jointly defend said action and would combine in said defense and would in said matter work to the mutual benefit of each other, and that in consideration of said arrangement and in consideration of all the matters hereinbefore alleged, the said defendants did promise and agree that if the said Black and the said Stoop would work to that end, the defendants would, upon the culmination of said litigation, pay to the said Stoop as assignee of all the rights and claims of the said Rider, the said Black and the said C. J. Black and Company in said matter, the sum of $1614.00.''

It is further alleged that the parties did proceed as stated and the Walch action resulted favorably to the defendants. We are of the opinion that this allegation is insufficient to support plaintiff's claim. It did not require anything of the plaintiff and his associates other than what was their duty to do for

their own protection: *Hoskins* v. *Powder Land & Irr. Co.*, 90 Or. 217, 222, 223 (176 Pac. 124); *Jeffries* v. *Pankow*, 112 Or. 439, 460 (223 Pac. 745, 229 Pac. 903); *Bagley* v. *Bagley*, 110 Or. 368, 373 (222 Pac. 722); *Carico* v. *Crystal District Improvement Co.*, *ante*, p. 629 (250 Pac. 745).

4. In the answer of the defendants it is alleged that the plaintiff and his associates received certain profits from the transaction for which they had not accounted to the defendants, and a prayer for an accounting. Defendants, bank and Scroggin have not appealed. The Circuit Court's ruling denying said defendants relief is therefore not here.

Other arguments are advanced with much force and learning, but we do not deem them important. This case hinges upon the alleged oral contract whereby the defendant is alleged to have agreed to pay to plaintiff $1,614. This sum was reduced to $1,479, the amount demanded in the complaint, by some matters happening after the alleged agreement was made. In our opinion the consideration stated in the complaint of the alleged contract sued upon is insufficient to support a contract. The decree is affirmed.                                     Affirmed.

Rand, J., absent.